Joseph Veston LIGHTSEY, Petitioner–Appellant,

v.

D.C. KASTNER, et al., Respondents–Appellees.

No. 87–2690.

United States Court of Appeals, Fifth Circuit.

June 8, 1988.

Rehearing and Rehearing En Banc Denied July 22, 1988.

---

Donald V. Morano, Chicago, Ill. (Court-appointed), for petitioner-appellant.

Sharon Gervasoni, Chevy Chase, Md., Dane Smith, Asst. U.S. Atty. Tyler, Tex., for respondents-appellees.

Before BROWN, GEE, and GARWOOD, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Joseph Lightsey, a federal prisoner appeals the denial of his petition for a writ of habeas corpus. Lightsey sought habeas relief on the grounds that under the Sentencing Reform Act (SRA),[1] he was now eligible for immediate parole under guidelines applicable to him.[2] The District Court denied the writ. The recent amendments to the SRA and regulations of the United States Parole Commission eliminate any lingering doubts as to the status of prisoners incarcerated during the transition to the new sentencing system. Individuals sentenced prior to the effective date of the SRA are still subject to parole eligibility or

---

1. 18 U.S.C. § 3551 (1984). Sentencing Reform Act, Pub.L. No. 98–473, Title II, § 211 (Oct. 12, 1984), (codified as amended at 18 U.S.C. § 3551).

2. We assume Lightsey refers to the existing U.S. Parole Commission guidelines applicable to him. After a five-year transition period, the SRA abolishes both parole and the Parole Commission so there are no "new" guidelines to examine.

ineligibility in effect under their particular sentence. Under the terms of his sentence, Joseph Lightsey is ineligible for parole until January 12, 1992. As it is not known what the decision of the Parole Commission will be as of that time, he is presently entitled to no relief. Accordingly, we affirm.

On January 22, 1982, in the United States District Court for the Southern District of Georgia, Joseph Lightsey was sentenced to 45 years of imprisonment. Pursuant to 18 U.S.C. § 4205(a),[3] Lightsey will become eligible for parole on January 12, 1992, after serving ten years of his sentence. During those ten years, Lightsey is ineligible for parole. As he is not eligible for parole until 1992, the U.S. Parole Commission has scheduled his parole hearing before the Commission during November 1991, approximately 90 days prior to his parole eligibility date.[4]

Lightsey contends that SRA requires the Parole Commission to immediately set a parole date for him within his guideline range and that it repealed the requirement that he serve ten years under § 4205(a) before parole eligibility. Additionally, he contends that the good-time allowance provisions of SRA violate the *ex post facto* prohibition of the Constitution.

### Confusion Sets In

*Romano v. Luther*,[5] a case decided by the Second Circuit, contains an excellent discussion of the Comprehensive Crime Control Act of 1984 and its effect on incarcerated prisoners whose crimes were committed before the effective date of the Act. Romano sought the same relief Lightsey is presently seeking. Lightsey will shortly achieve the same unfavorable result.

The SRA comprises Chapter II of the Comprehensive Crime Control Act of 1984.[6] Chapter II creates a new system of statutorily ordained sentencing guidelines for the imposition of determinate sentences. It abolishes parole.[7] Under the old law, judges had broad discretion to set sentences which were then subject to review by the Parole Commission under guidelines established by the Parole Commission to determine how long a particular prisoner would remain in prison before being paroled.

Lightsey's basic theory is that § 235(b)(3), as originally enacted,[8] required the Parole Commission to immediately set his release date, notwithstanding the fact that his original sentence required him to serve ten years during which he was ineligible for parole. Lightsey argues, in effect, that the words "within the range that applies to the prisoner under the applicable parole guidelines" brings it within the exception in § 4205(a)[9] so that Congress meant to abolish the ten year ineligibility portion of his sentence. It eliminates confusion if we deal with simple things first: when does the five-year period *commence?* That in turn depends on the effective date of the Act. The effective date of the Act is

---

3. Section 4205(a) provides:
    (a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, *except to the extent otherwise provided by law.*
    (emphasis added).

4. *See* 28 C.F.R. § 2.12(a).

5. 816 F.2d 832 (2d Cir.1987).

6. *See* n. 1, *supra.*

7. Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, § 212, 218(a)(5) (Oct. 12, 1984), (codified as amended 5 U.S.C. §§ 5314, 5315).

8. As originally enacted, section 235(b)(3) provided:
    The United States Parole Commission shall set a release date, for an individual *who will be in its jurisdiction the day* before the expiration of five years after the effective date of this Act, *that is within the range that applies to the prisoner under the applicable parole guideline.* A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.
    Italics identify the relevant portions of the statute which were ultimately amended. For the amended version, *see* n. 11, *infra.*

9. *See* n. 3, *supra.*

November 1, 1987.[10] Thus, the five-year transition period referred to in § 235(b)(3) ends on November 1, 1992.

Congress—either aware or presumably charged with notice that the Parole Commission recently promulgated new regulations on February 6, 1987—recently amended § 235(b)(3) to delete the requirement that release dates be set within the applicable parole guidelines.[11] Under the new law, transitional parole decisions are to be made under the general parole statute, 18 U.S.C. § 4206.[12] Section 4206 was explicitly preserved for the five-year transition period.[13] As a result, before Lightsey can be considered for parole, he must serve the mandatory minimum of 10 years.

### The Smoke Clears

On February 6, 1987, the Code of Federal Regulations was amended precisely in order to address the contentions raised here and by others, codifying the Parole Commission's interpretation of Section 235(b)(3) of the Comprehensive Crime Control Act of 1984.[14] This new regulation rejects Lightsey's contention that the Commission "shall set" means that the Parole Commission should set his release date immediately. "The release dates required by § 235(b)(3) need not be set any earlier than the time required to allow an administrative appeal within the five-year period: i.e. three to six months before the end of that period." [15]

Secondly, the new regulation rejects any idea that the "jurisdiction" contemplated in § 235 includes those individuals who will be on parole or mandatory release supervision at the end of the five-year transition period.[16] Finally, the new regulation expressly states that § 235(b)(3) does not have any effect on the parole eligibility date established by the prisoner's sentence and will not confer eligibility on prisoners whose sentences do not provide parole eligibility.[17]

In the view of this court, the Commission's new regulations constitute an appro-

---

**10.** The effective date of the Act was first fixed as 24 months after the date of enactment, but this was subsequently extended to 36 months. Pub.L. No. 99–217.

**11.** On December 7, 1987, § 235(b)(3) was amended to read as follows:

> The United States Parole Commission shall set a release date, for an individual before the expiration of five years after the effective date of this Act, *pursuant to Section 4206 of Title 18 United States Code.* A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

For the statute as originally enacted and especially the italicized portions omitted by the amendment, *see* n. 8, *supra.*

**12.** 18 U.S.C. § 4206(a) provides:

> (a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
> (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and
> (2) that release would not jeopardize the public welfare; subject to the provisions of subsections (b) and (c) of this section, and

pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

**13.** *See* § 235(b)(1)(A) of the Comprehensive Crime Control Act of 1984, 98 Stat. 2032.

**14.** 28 C.F.R. § 2.64, as amended, 52 F.R. 5763, 5764 (Feb. 26, 1987).

**15.** 28 C.F.R. § 2.64(b) provides:

> The release dates required by section 235(b)(3) need not be set any earlier than the time required to allow an administrative appeal within the five-year period; i.e., three to six months before the end of that period. Thus, the Commission may continue to make decisions outside of its guideline ranges, with such decisions being subject to a *de novo* review and modification by the Commission to conform to the guideline ranges before the end of the five-year period.

**16.** 28 C.F.R. § 2.64(c) provides:

> Section 235(b)(3) does not apply to persons who will be on parole or mandatory release supervision at the expiration of the five-year period.

**17.** 28 C.F.R. § 2.64(d) provides:

> Section 235(b)(3) does not change the parole eligibility date established by a prisoner's sentence and does not confer parole eligibility whose sentences do not provide any eligibility for parole.

priate interpretation of congressional intent in enacting the SRA. Our view is buttressed by recent congressional amendments to the statute. The SRA, as originally enacted and as amended, does not require the Commission to immediately set Lightsey's release date.

### A Smoke Screen

■ Lightsey attempts valiantly to make a violation of the Constitution's *ex post facto* clause out of the amendment to § 253(b)(3) [18] on the ground that the amendment takes away a benefit to which he had become entitled as of the effective date of the original § 235. Under 235(b)(3), as originally enacted, Lightsey argues the Commission is required to set a release date under his applicable guidelines without any reference to the original terms of his sentence. Under Lightsey's computation of his guidelines, he is entitled to be released immediately.

Initially we reject the premise that Congress ever intended to confer the benefit Lightsey suggests. We agree with *Romano, supra,* and Regulation 2.64(d) that the Commission was never required to set a release date earlier than a point in time early enough to permit an administrative appeal to the Commission prior to the date on which the Parole Commission would cease to exist. Given this starting point, the amendment to § 235 only clarifies what was the law all along—(i) the five-year period does not end until November 1, 1992 and (ii) Lightsey must serve out his ten years of ineligibility before he can be considered for parole.

An essential part of Lightsey's argument is that § 235(b)(3) impliedly repealed 18 U.S.C. § 4206.[19] Section 4206 was expressly continued by § 235(b)(1)(A) for the five-year period of transition to the new determinate sentencing system. In light of the recent amendment of § 235(b)(3), which explicitly states that release dates will be set pursuant to § 4206, the argument that § 235(b)(3) impliedly repealed § 4206 is clearly untenable.

With these preliminaries out of the way, we still face and reject the notion of *ex post facto* unconstitutionally. In *Weaver v. Graham,*[20] the Supreme Court stated that "our decisions prescribe that two critical elements must be present for a criminal or penal law to be *ex post facto:* it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." [21] Without question, the recent amendment to § 235(b)(3), is retrospective.

The remaining and decisive question is whether it disadvantages Lightsey, that is, whether the new law is "more onerous than the law in effect *on the date of the offense.*" [22] This was emphasized by the First Circuit in *Breest v. Helgemoe.*[23] Breest committed a murder in early 1971, at which time the state murder statute provided for life imprisonment without benefit of parole. Later in 1971, before Breest was indicted, the statute was amended to provide for parole after 18 years imprisonment. In 1972, the statute was amended yet again to provide for parole after 40 years of imprisonment. Breest challenged the 40 year parole ineligibility provision as an *ex post facto* law, asserting that he was entitled to the 18 year provision passed after the commission of his offense. Application of the subsequent, harsher, law violated the *ex post facto* provision.

The First Circuit rejected this argument, as we do Lightsey's. The relevant law is the law in effect at the date the offense was committed. Breest had no inherent

---

18. *See* n. 11, *supra.*

19. *See* n. 12, *supra.*

20. 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

21. *Id.* 101 S.Ct. at 964 (footnotes omitted).

22. *Id.* at 965 (footnote omitted) (emphasis added).

23. 579 F.2d 95 (1st Cir.), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978).

right to the ameliorative 18 year law.[24] Assuming for the moment that the original amendment to § 235(b)(3) had an ameliorative effect, Lightsey is still subject to the law in effect at the time he committed his offense: § 4205(a).

In the present case, the law that was in effect when Lightsey committed his offense was undoubtedly § 4205(a).[25] Under § 235(b)(3), as amended, the law that is now in effect is § 4205(a). Although the current law may arguably be more onerous than that which was in effect from November 1, 1987, to December 7, 1987, it cannot be more onerous than the law that was in effect when Lightsey committed his offense because it is the very same law. Accordingly, even though § 235(b)(3), as amended, is retrospective, it does not violate the *ex post facto* prohibition of the United States Constitution because it is no more onerous than the law in effect when Lightsey committed the offense.

■ Lightsey's last argument is that the recent amendment of § 235(b)(3), as applied to him, violates his constitutional rights by depriving him of a liberty interest without due process of law. There is no due process violation here. Lightsey will become eligible for parole on January 12, 1992, and thus may be released from confinement before October 31, 1992 (the day before the five-year transition period ends). As originally enacted, § 235(b)(3) did not necessarily apply to him.

We agree with *Romano.* The term "jurisdiction" in section 235(b)(3) refers to the Commission's jurisdiction to release prisoners, not its post-release supervisory jurisdiction. Under this reading, § 235(b)(3) is inapplicable to those who would already be released at the time that this subsection required the Parole Commission to act. The Commission agrees that Lightsey will likely be released in January 1992. If the Commission approves his release at that time, Lightsey will no longer be within the Commission's supervisory jurisdiction on the date the Commission is abolished.

AFFIRMED.

---

**24.** *Id.* at 103. *See also Lerner v. Gill,* 751 F.2d 450, 456 (1st Cir.1985); *Hayward v. U.S. Parole Commission,* 659 F.2d 857, 862 (8th Cir.1981).

**25.** Section 4205 became effective in 1976, and Lightsey was sentenced in January 1982.

Hence, although it is not clear from the briefs that Lightsey committed his offense after section 4205 went into effect, we assume that to be the case.