UNITED STATES of America, Plaintiff–Appellee,

v.

Bernard Lee BURGESS, Defendant–Appellant.

No. 88–5113.

United States Court of Appeals, Eleventh Circuit.

Oct. 27, 1988.

Gilbert S. Bachmann, Bachmann, Hess, Bachmann & Garden, Jeffrey A. Holmstrand, Wheeling, W.Va., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Miami, Fla., William A. Kolibash, U.S. Atty., N.D.W.

Va., Wheeling, W.Va., Thomas A. O'Malley, Asst. U.S. Atty., Ft. Lauderdale, Fla., Martin P. Sheehan, Asst. U.S. Atty., N.D.W. Va., Wheeling, W.Va., for plaintiff-appellee.

Before TJOFLAT and FAY, Circuit Judges, and FAWSETT *, District Judge.

PER CURIAM:

This appeal presents the question of whether appellant, who was sentenced before the effective date of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq. & 28 U.S.C. § 991 et seq. (Supp. IV 1986), can seek resentencing under that Act pursuant to Fed.R.Crim.P. 35. We hold that he may not.

On August 11, 1987, the appellant, Bernard Lee Burgess, was sentenced for income tax evasion to two consecutive sentences of four years each. These sentences were imposed under the law in effect prior to the effective date of the Sentencing Reform Act. On December 3, 1987, appellant, proceeding under Rule 35, moved the court for resentencing, and on January 15, 1988, the court granted his motion, reducing his sentence to two consecutive terms of two years each. In resentencing appellant, the court did not consider the sentencing guidelines which the United States Sentencing Commission had promulgated pursuant to the Sentencing Reform Act.

The resolution of this appeal turns on a correct understanding of how Congress intended the federal courts to implement guideline sentencing. The United States Sentencing Commission was created as a part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, § 201, 98

Stat. 1976, 2017. The commission was told to

> establish sentencing policies and practices for the Federal criminal justice system that ... provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices.

*Id.* at 2018. This purpose was to be fulfilled by the creation of sentencing guidelines. *See id.* at 2019. Originally, the Act was to become effective on November 1, 1986, *see id.* at 2031, but Congress later delayed implementation until November 1, 1987. *See* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, 99 Stat. 1728.

As originally passed, the Sentencing Reform Act implied that the new sentencing guidelines would apply to all defendants convicted after the November 1 implementation date.** The constitutionality of this demarcator, however, was put into question by the Supreme Court's decision in *Miller v. Florida,* —— U.S. ——, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). In *Miller,* the Court held that a Florida law which increased the penalties that could be assessed for certain crimes was an unconstitutional ex post facto law if applied to defendants who were convicted of a crime that had taken place before the enactment of the new sentencing provisions. Thus, the Supreme Court indicated that the date of the offense was the crucial point, not the date of conviction.

In response to the *Miller* decision, Congress amended the Sentencing Reform Act

---

* Honorable Patricia C. Fawsett, U.S. District Judge for the Middle District of Florida, sitting by designation.

** Section 235(b)(1) stated:
  The following provisions of law in effect on the day before the effective date of this Act shall remain in effect for five years after the effective date as to an individual *convicted* of an offense or *adjudicated* to be a juvenile delinquent *before the effective date....*
  Sentencing Reform Act of 1984, Pub.L. No. 98-473, § 235(b)(1), 98 Stat. 1987, 2032 (emphasis added).

to apply only to those who, on or after November 1, 1987, had "*committed* an offense or an act of juvenile delinquency." Sentencing Act of 1987, Pub.L. No. 100–182, § 2, 101 Stat. 1266 (emphasis added). The November 1 implementation date, therefore, clearly applies only to those crimes committed after that date. Since Burgess' crimes were committed long before this date, the fact that he was resentenced after November 1, 1987 is irrelevant. Congress has evinced an explicit intent that defendants who have been convicted of crimes committed prior to November 1, 1987 be sentenced under the old law. The trial court, therefore, properly refused to apply the Act in passing on appellant's Rule 35 motion.

The appellant further argues that even if the sentencing guidelines did not govern his Rule 35 hearing, the trial court abused its discretion by not considering the guidelines. We disagree. While the trial court could have considered the advent of the sentencing guidelines in assessing Burgess' sentence, it was under no duty to do so.

AFFIRMED.