**Anant Kumar TRIPATI, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Gary L. Henman, Respondents–Appellees.**

**No. 87–2934.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 16, 1988.*

Decided April 12, 1989.

---

* Honorable Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Anant Kumar Tripati, La Luna, Tex., for petitioner-appellant.

James D. Whitney, Asst. U.S. Atty., Tucson, Ariz., for respondents-appellees.

Before GOODWIN, Chief Judge, BARNES and KILKENNY, Circuit Judges.

PER CURIAM:

Anant Tripati, a federal prisoner, was convicted of nine counts of banking violations, and sentenced on January 6, 1984, to a ten-year prison term. On May 4, 1984, the United States Parole Commission (USPC) ruled that Tripati would be eligible for parole on July 16, 1989, after he had been in custody for seventy-two months.

Tripati petitioned the district court for a writ of habeas corpus, claiming that the USPC had exceeded the suggested parole guidelines of 28 C.F.R. § 2.20, which would have provided for parole in forty to fifty-two months. The district court ruled that the USPC had good cause for exceeding the guidelines, and denied Tripati's habeas petition on June 3, 1987.

Tripati appealed, and that appeal (Case No. 87–2379) is still pending. Tripati then filed a "Motion to Vacate per Rule 60(b) or in the Alternative Petition for a Writ of Habeas Corpus," arguing that the USPC could not exceed the suggested parole guidelines of 28 C.F.R. § 2.20 because the statute which authorized the USPC to exceed its suggested parole guidelines was repealed effective November 1, 1987. The district court denied this motion and Tripati timely appeals.

Tripati contends the Sentencing Reform Act of 1984 (SRA) eliminated the USPC's authority to set parole eligibility dates beyond the dates in the suggested parole guidelines. The district court correctly denied relief.

At Tripati's initial parole hearing, the USPC set a parole date twenty months beyond the latest date in the suggested guide-lines. The USPC has authority under 18 U.S.C. § 4206(c) to set parole eligibility dates beyond the dates in its suggest-

ed guidelines.[1] Section 218(a)(5) of the SRA repealed section 4206 effective November 1, 1987. Pub.L. No. 98–473, Title II §§ 218(a)(5), 235(a)(1), 98 Stat. 1976, 2027, 2031 (1984) *as amended by* Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985); *Vermouth v. Corrothers,* 827 F.2d 599, 600 n. 1 (9th Cir.1987). Tripati argues that this repeal eliminated the USPC's authority to exceed the guide-lines. Under section 235(b)(1) of the SRA, however, § 4206 remains in effect for individuals convicted before November 1, 1987, until October 31, 1992. Pub.L. No. 98–473, Title II, § 235(b)(1)(A), 98 Stat.1976, 2032 (1984); *Lightsey v. Kastner,* 846 F.2d 329, 333 (5th Cir.1988). Tripati was convicted before November 1, 1987. Accordingly, the SRA's repeal of section 4206(c) is not applicable to him.

Tripati also appears to contend that any use of section 4206(c) to extend his prison term constitutes an ex post facto violation because of the difference between the SRA as originally enacted and as amended in 1987. This contention lacks merit.

 To violate the ex post facto clause, a penal law "must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Watson v. Estelle,* 859 F.2d 105, 106 (9th Cir.1988) (quoting *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

The SRA as originally enacted required the USPC to set a re-lease date "for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline." Pub.L. No. 98–473, Title II, § 235(b)(3), 98 Stat.1976, 2032. The effective date of the SRA was November 1, 1987. Pub.L. No. 98–217, § 4, 99 Stat. 1728 (1985) (amending Pub.L. No. 98–473, Title II, § 235(a)(1), 98 Stat. at 2031 (1984)). On December 7, 1987, Congress amended the SRA to require the USPC to set a release date "for an individual who will be in its jurisdiction

the day before the expiration of five years after the effective date of this Act, pursuant to section 4206 of Title 18 United States Code." Pub.L. No. 100–182, 101 Stat. 1266 (1987) (amending Pub.L. No. 98–473, Title II, § 235(b)(3), 98 Stat.1976, 2032 (1984)).

The amendment to section 235(b)(3) of the SRA is retrospective. *Lightsey,* 846 F.2d at 333. However, Tripati is not disadvantaged by the amendment because neither section 235(b)(3) of the SRA as originally enacted nor as amended is applicable to him. Section 235(b)(3) of the SRA as originally enacted and as amended does not apply to people who will be on parole before November 1, 1992. *Lightsey,* 846 F.2d at 331, 334; 28 C.F.R. § 2.64(c). As Tripati's parole eligibility date is July 16, 1989, it is likely that section 235(b)(3) of the SRA will not apply to him.

Even if the amendment to section 235(b)(3) of the SRA was applicable to him, Tripati would still not be disadvantaged by the amendment. Because 18 U.S.C. § 4206(c) was applicable at the time of Tripati's sentencing in 1984, any use of this statute pursuant to the amendment of section 235(b)(3) of the SRA would not disadvantage him, it would merely maintain the status quo. *See Lightsey,* 846 F.2d at 334. Because Tripati will not be disadvantaged by an application of 18 U.S.C. § 4206(c) pursuant to section 235(b)(3), any use of section 4206(c) will not constitute an ex post facto violation.

Thus, whether construed as a Rule 60(b) motion or as a section 2241 habeas corpus petition, Tripati's contentions were meritless and properly denied by the district court.

The judgment is AFFIRMED.

---

**1.** Section 4206(c) provides "The Commission may grant or deny release on parole notwithstanding the guidelines ... if it determines there is good cause for so doing."