**Nelson VALLADARES,
Petitioner–Appellant,**

v.

**P.W. KEOHANE, Warden and U.S. Parole Commission,
Respondents–Appellees.**

**No. 88–5416.**

United States Court of Appeals,
Eleventh Circuit.

May 5, 1989.

Benson R. Weintraub, Benedict P. Kuehne, Sonnett, Sale & Kuehne, Miami, Fla., for petitioner-appellant.

Dexter W. Lehtinen, U.S. Atty., Lynn M. Summers, Asst. U.S. Atty., Miami, Fla., for respondents-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and MARKEY *, Chief Circuit Judge.

MARKEY, Chief Circuit Judge:

Appeal from an order of the United States District Court for the Southern District of Florida (Davis, J.), No. 87–374–CIV, adopting the Magistrate's recommendation that Nelson Valladares' (Valladares') Petition for Writ of Habeas Corpus be dismissed. We affirm.

## STATUTORY BACKGROUND

Involved here is the Sentencing Reform Act (SRA), 18 U.S.C. § 3551 (1984), Pub.L. No. 98–473, Title II, §§ 211, 212, 218(a)(5) (October 12, 1984), and its provisions for transition to a system of determinate sen-

tences without parole.[1] The courts in *Lightsey v. Kastner,* 846 F.2d 329, 331–32 (5th Cir.1988) and *Ramano,* 816 F.2d at 837, held, and the parties here agree, that the SRA took effect on November 1, 1987.

Before 1987, courts had broad sentencing discretion that included the setting of terms of imprisonment and parole eligibility dates. *See* 18 U.S.C. § 4205(b) (West 1982). An eligible-for-parole prisoner could obtain from the Parole Commission a determination of a release date. 18 U.S.C. § 4206(a).

The court's discretion in setting parole eligibility dates was tempered by the mandate of section 4205(a), which provided:

Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence over thirty years, except to the extent otherwise provided by law.[2]

Section 235(b) of the SRA governs the transition to the new scheme. Section 235(b)(3) relates to parole:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

---

\* Honorable Howard T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Congress adopted the SRA as part of the Comprehensive Crime Control Act of 1984 (CCCA). The CCCA, Title II of House Joint Resolution 648, 98th Cong., 2d Sess.Pub.L. No. 98–473, 98 Stat. 1837 (1984), makes numerous changes in federal criminal law. For a history of the Act, see *Romano v. Luther,* 816 F.2d 832 (2d Cir. 1987).

2. Section 4205(a) is further qualified by section 4205(h): "Nothing in this chapter shall be construed to provide that any prisoner shall be eligible for such release under any other provision of law." *See e.g.* 21 U.S.C. § 848(c) (no parole for those sentenced under § 848 (continuing criminal enterprise)).

Thirty six days after the SRA took effect, Congress amended section 235(b)(3) to make clear its intent in respect of persons within the category occupied by Valladares. *See* Sentencing Act of 1987 § 2(b)(2), 18 U.S.C.A. § 3551 (notes) (Supp.1988), Pub.L. No. 100–182 (1987) (text at 133 Cong.Rec. S16644 (1987)). As amended, Section 235(b)(3) reads:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, *pursuant to Section 4206 of Title 18 United States Code*. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act. (Substituted language emphasized).

## FACT BACKGROUND

In 1982, Valladares was convicted of possession and conspiracy to possess marijuana with intent to distribute. On January 4, 1983, he was sentenced to an aggregate term of forty years imprisonment, parole eligibility commencing after a minimum of ten years imprisonment. *See* 18 U.S.C. 4205(a). Because Valladares had jail credit beginning December 3, 1982, his eligible-for-parole date is December 2, 1992.

In December, 1986, Valladares filed a Petition for Habeas Corpus Relief, claiming that the Parole Commission failed to grant him a hearing and parole release date as "required" by section 235(b)(3). The case was transferred to the Southern District of Florida, and in November, 1987, Valladares amended his petition, asserting:

> Under § 235(b)(3), Petitioner is entitled, as a matter of law, to the grant of a parole release date "within the range that applies to the prisoner under the applicable parole guideline." That is, the

Parole Commission is required to set a release date in the range of 40–50 months. To the extent that Petitioner has now served in excess of the guideline range required by the Parole Commission, he is being illegally detained....

Judge Davis' order adopted Magistrate Smargon's recommendation that Valladares' "claim for relief be DENIED and this cause DISMISSED with prejudice." Addressing Valladares' argument that section 235(b)(3) repealed the parole eligibility limitation of section 4205(a), Judge Davis concluded that "Congress in enacting the Crime Control Act did not intend the Act to effect parole guidelines determined by Section 4205(a)," pointing to the absence of either specific statutory provision or legislative history indicating that intent. The court also cited the Parole Commission's interpretation of original section 235(b)(3) embodied in 28 C.F.R. § 2.64(d) (1987),[3] and Congress' quick action in amending section 235 "so as to eliminate the alleged loophole."

## ISSUE

Whether the District Court erred in adopting the Magistrate's recommendation to dismiss Valladares' Petition.

## OPINION

Valladares was convicted and sentenced long before the effective date of either the CCCA or the SRA. Because his sentence is one of over thirty years, he is ineligible for parole until December of 1992. 18 U.S.C. § 4205(a). Thus, the heart of his petition for immediate parole hearing and release is his contention that section 235(b)(3) *retroactively* repealed section 4205(a).

Per Valladares, "[b]y repealing the parole restriction provisions of prior law, the 1984 Act made defendants such as [himself] eligible for fixed parole determination within the applicable guidelines. Since [his] right to a fixed parole determination

---

**3.** It is unnecessary to discuss the Parole Commission's regulations and Valladares' argument that they are invalid under the Administrative Procedure Act. Though the district court relied

in part on those regulations, its order is fully supported by its analysis of the language and history of section 235(b)(3).

vested as of the effective date of the Act, November 1, 1987, he is entitled to the benefits of that law." Valladares readily admits that under his reading of section 235(b)(3) "*all* federal prisoners became eligible for parole," notwithstanding any prior statutory ineligibility, "including a no parole provision or a restrictive parole provision" enacted under prior law. (Emphasis added).

Valladares also argues that, because he acquired a "right to parole" under section 235(b)(3), and the right vested between November 1, 1987 and December 7, 1987, application of amended section 235(b)(3) (under which Valladares admits he has no right to parole) would violate the ex post facto clause of the Constitution. Though the "vested" argument has been rejected by two other circuits, *see Lightsey*, 846 F.2d at 333–34; *Romano*, 816 F.2d at 841–42, we need not discuss it because we conclude that he *never* acquired a right to parole under section 235(b)(3).

Valladares' argument that he acquired a right to parole is readily seen as meritless in light of this court's decision in *United States v. Burgess*, 858 F.2d 1512 (11th Cir. 1988). Addressing the transition provisions of the SRA in the context of its sentencing provisions, this court there stated: "Congress has evinced an explicit intent that defendants who have been convicted of crimes committed prior to November 1, 1987 be sentenced under the old law." *Id.* at 1514.

At oral argument, Valladares said *Burgess* is distinguishable because it did not deal with parole. That attempted distinction is unavailing. In *Warden v. Marrero*, 417 U.S. 653, 658, 94 S.Ct. 2532, 2535, 41 L.Ed.2d 383 (1974), the Court plainly stated that "a pragmatic view of sentencing requires the conclusion that parole eligibility ... is also determined at the time of sentencing." The Court also rejected the substance of Valladares' further argument that parole differs from sentencing because the Parole Commission makes the final decision whether to release an offender. "[T]hat the Board of Parole, not the district judge at the time of sentencing, finally determines whether and when an offender should be released on parole does not undercut our conclusion that the district judge, at the time of sentencing, determines when the offender will become *eligible* for consideration for parole and the Board's action simply implements that determination." *Id.* at 659, 94 S.Ct. at 2536 (emphasis in original); *see also id.* n. 9.

Though *Burgess* was not available to Judge Davis at the time of his decision, we agree fully with his analysis of the language of section 235 and its legislative history, and with his conclusion that Congress did not intend the SRA to affect parole guidelines determined by Section 4205(a). We also note the persuasive reasoning of other courts that have rejected the identical argument made here by Valladares. *See e.g. Lightsey v. Kastner*, 846 F.2d 329 (5th Cir.1988) (on all fours with this case); *Farese v. Story*, 823 F.2d 975 (6th Cir.1987).

Congress' language in section 235(b)(3) (that the Commission, during its remaining life, "shall set a release date, for an individual who will be in its jurisdiction [on October 31, 1992]") cannot be seen as requiring the immediate setting of release dates for those prisoners ineligible under section 4205. Absent a specific repeal of section 4205(a), the phrase "shall set a release date" cannot, as Valladares would have it, be taken as mandating that every prisoner be deemed eligible for parole and given a release date now, without regard to whether that prisoner will not be eligible for parole until some future date, and without regard to whether that prisoner will ever be eligible for parole.

We conclude that section 235(b)(3) does not change Valladares' parole eligibility date as established by section 4205(a) and that his claim for immediate hearing and release was therefore properly denied. Accordingly, we affirm the district court's adoption of the Magistrate's recommendation that Valadares' Petition be dismissed.

AFFIRMED.