**Randell D. MURPHY, Petitioner,**

v.

**U.S. PAROLE COMMISSION, Respondent.**

**No. 89–3188–R.**

United States District Court, D. Kansas.

April 20, 1990.

Randell D. Murphy, Leavenworth, Kan., pro se.

D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., for respondent.

## ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Penitentiary ("USPL"), Leavenworth, Kansas, claims that: (1) the Parole Commission acted arbitrarily and capriciously by denying petitioner a release date within his guideline range;

and (2) the Parole Commission should immediately set a parole date for petitioner within the guidelines of the Comprehensive Crime Control Act of 1984. Having reviewed the pleadings filed in this case, the court makes the following findings and order.

*Statement of Facts*

Petitioner is currently serving a ten-year sentence for check forgery and aiding and abetting imposed on August 12, 1985, by the United States District Court for the Northern District of Alabama. Petitioner was given an initial parole hearing on December 19, 1988. In a notice of action dated January 4, 1989, the Parole Commission noted that petitioner's aggregate guideline range was 12–22 months. However, the Parole Commission ordered petitioner to continue to the expiration of his sentence because of criminal conduct that he engaged in subsequent to his federal offense behavior.

Petitioner appealed the Commission's decision to the National Appeals Board. In a notice of action dated March 23, 1989, the National Appeals Board affirmed the Commission's decision, but modified the reasons for extending petitioner beyond the parole guidelines. Specifically, the National Appeals Board stated that petitioner was a more serious risk than indicated by his salient factor score because of his extensive criminal activity prior to his federal offense behavior.

*Standard of Review*

Judicial review of Parole Commission decisions is extremely limited. The standard for judicial review of Parole Commission decisions has been defined by the Court of Appeals for the Tenth Circuit as "whether the decision is arbitrary and capricious or is an abuse of discretion." *Dye v. United States Parole Commission,* 558 F.2d 1376, 1378 (10th Cir.1977). Under the "arbitrary and capricious" or "abuse of discretion" standards of review, a district court is not to "repass on the credibility of reports" or other information received by the Parole Commission, *Dye,* 558 F.2d at 1378, and cannot reweigh the evidence or substitute its judgment for that of the Commission.

*Hearn v. Nelson,* 496 F.Supp. 1111, 1115 (D.Conn.1980). Further, the burden is on petitioner to show that the Commission abused its discretion, and that such abuse resulted in an abridgement of petitioner's constitutional rights. *See Billiteri v. United States Board of Parole,* 541 F.2d 938, 943–44 (2d Cir.1976).

*Discussion*

1. *Parole Commission's decision to extend petitioner beyond the guideline range.*

Petitioner asserts that the Parole Commission has abused its discretion by denying him a release date within his guideline range. Parole guidelines provide that a prisoner with scores such as petitioner's be released within 12–22 months. However, the Parole Commission decided to extend petitioner past the guidelines because of petitioner's serious and extensive criminal record prior to his federal conviction.

■ The Parole Commission may deny release or extend a prisoner beyond the parole guidelines "if it determines there is good cause for so doing...." 18 U.S.C. § 4206(c). In determining if good cause exists, the Parole Commission may examine aggravating factors specific to the offense and its commission. *Romano v. Baer,* 805 F.2d 268, 270 (7th Cir.1986). However, the Commission cannot use an aggravating factor to extend a prisoner beyond the parole guidelines if that factor has already been used to place the prisoner in an offense severity category or compute his salient factor score. *Id.* at 271.

■ Upon review, the court finds that the Parole Commission did not act arbitrarily or capriciously in extending petitioner beyond the recommended guidelines. Although the salient factor score takes into consideration the number of previous convictions, it does not take into consideration their nature. Thus, the court finds that the Parole Commission acted properly in considering the nature and extent of petitioner's prior criminal involvement. *Walker v. U.S.,* 816 F.2d 1313, 1316 (9th Cir. 1987).

**1148**

1. *Parole Commission's failure to grant petitioner a parole release date within the guideline range of the Comprehensive Crime Control Act of 1984.*

The Sentencing Reform Act, adopted as Chapter II of the Comprehensive Crime Control Act of 1984, creates a new system of imposing determinate sentences under sentencing guidelines and abolishes parole. Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, title II, §§ 212, 218(a)(5) (Oct. 12, 1984), (codified as amended 5 U.S.C. §§ 5314, 5315). As part of the Sentencing Reform Act, subsection 235(b)(3) provides guidelines to help the Parole Commission discharge its responsibilities toward those prisoners sentenced under the pre-existing law. *See* § 235(b)(3) of the Comprehensive Crime Control Act of 1984, 98 Stat. 1837.

As originally adopted, subsection 235(b)(3) stated:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Subsection 235(b)(3) was amended on December 7, 1987, and currently provides that:

> The United States Parole Commission shall set a release date, for an individual, before the expiration of five years after the effective date of this Act, pursuant to Section 4206 of Title 18, United States Code. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

The court rejects petitioner's contention that the Parole Commission must immediately set a parole date within the guidelines established by the Sentencing Reform Act. First, it appears that petitioner will not be within the Commission's jurisdiction at the end of the statutory transition period because of petitioner's mandatory parole on October 22, 1991. As the Fifth Circuit Court of Appeals stated in *Lightsey v. Kastner*, 846 F.2d 329, 332 (5th Cir.1988), *cert. denied*, 488 U.S. 1015, 109 S.Ct. 807, 102 L.Ed.2d 798 (1989), "the new regulation rejects any idea that the 'jurisdiction' contemplated in § 235 includes those individuals who will be on parole or mandatory release supervision at the end of the five-year transition period." Second, even if the Commission will have jurisdiction over petitioner at the end of the five-year period, subsection 235(b)(3) only requires the Commission to act early enough to allow a prisoner to appeal the release date before the expiration of the transition period. Since the five-year transition period does not end until November 1, 1992, subsection 235(b)(3) requires no action on the part of the Commission at this time. 28 C.F.R. § 2.64(b) (1987); *see Lightsey*, 846 F.2d at 332; *Romano v. Luther*, 816 F.2d 832, 837–39 (2d Cir.1987). Finally, any decisions by the Commission pursuant to section 235(b)(3) are to be made under the general parole statute, 18 U.S.C. § 4206, rather than the new parole guidelines set forth in the Sentencing Reform Act. *Lightsey*, 846 F.2d at 332.

IT IS THEREFORE ORDERED that this action is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this order to petitioner and to the office of the United States Attorney.