**Vince COLEMAN, Petitioner–Appellant,**

v.

**R.E. HONSTED, Warden, Respondent–Appellee.**

No. 88–3830.

United States Court of Appeals, Eleventh Circuit.

Aug. 13, 1990.

Vince Coleman, Tallahassee, Fla., pro se.

William W. Corry, Tallahassee, Fla., for petitioner-appellant.

Kenneth W. Sukhia, Asst. U.S. Atty., U.S. Atty's Office, Tallahassee, Fla., for respondent-appellee.

Before TJOFLAT, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

This case involves an appeal from the district court's denial of a petition for a

writ of habeas corpus challenging the Parole Commission's recommendation that the defendant serve the remainder of his sentence.

## I.

The defendant, Vince Coleman, was arrested on June 28, 1986 and charged with distribution of and conspiracy to distribute controlled substances in` violation of 21 U.S.C. §§ 841 and 846 (1982) (current version at *id.* §§ 841, 846 (1988)). Coleman eventually pleaded guilty, pursuant to a plea agreement, to distribution of one ounce of cocaine and was sentenced to thirteen years in prison with three years of special parole. At his sentencing hearing, Coleman argued that a portion of his presentence investigation report was inaccurate. The controverted portion of the report described the scope of the conspiracy and stated that it involved more than fifteen kilograms of cocaine. Pursuant to Fed.R.Crim.P. 32(c)(3)(D)(ii), the sentencing judge did not take into account in the sentencing process the disputed facts concerning the amount of cocaine involved in the conspiracy.

Following a parole hearing in April 1987, the Parole Commission recommended that Coleman continue to serve his sentence to expiration. The Parole Commission rated his offense behavior as category eight, finding that it involved a conspiracy to possess with intent to distribute more than fifteen kilograms of pure cocaine. The Commission then determined his salient factor score as six. The severity rating and salient factor score placed Coleman in the parole release range of 120–plus months. The Commission thus issued its recommendation that the defendant serve his sentence to expiration, becoming eligible for parole release after 106 months. On appeal, the National Appeals Board affirmed the Commission's decisions.

In his habeas petition, Coleman challenges the Commission's action on three grounds: (1) that the Commission had no rational basis for concluding that the offense involved more than fifteen kilograms of cocaine; (2) that the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 2031 (codified as amended at 18 U.S.C. § 3551 *et seq.* (1988); 28 U.S.C. § 991 *et seq.*), mandates his release within a twenty to twenty-six month guideline range; and (3) that the Commission improperly failed to consider institutional conduct.

The district court referred the case to a magistrate who recommended that the petition be denied. The district court adopted the magistrate's recommendation and denied the petition. Coleman appeals. We affirm the district court's decision.

## II.

■ Coleman first argues that the Commission had no rational basis for concluding that the offense involved more than fifteen kilograms of cocaine. Coleman contends that the Commission made that determination by relying improperly on the portions of the presentence investigation report that Coleman controverted at his sentencing hearing. In effect, Coleman argues that Rule 32(c)(3)(D)(ii) prohibits the Commission from using a disclaimed portion of a presentence report and that, other than the report, the Commission had no basis for its determination.

Although this circuit has not yet specifically addressed this argument, both the Second and Seventh Circuits have explicitly rejected it. *E.g., Ochoa v. United States,* 819 F.2d 366, 372–73 (2d Cir.1987); *Kramer v. Jenkins,* 803 F.2d 896, 900, *clarified on reh'g,* 806 F.2d 140, 141–42 (7th Cir. 1986). These courts have reasoned that, although a sentencing judge's decision not to rely on statements in a presentence report may "reasonably be thought of as a flag of caution to the Commission," *Ochoa,* 819 F.2d at 372, that decision should not preclude the Commission from using those statements if the Commission finds them accurate for its own purposes. *See id.; Kramer,* 803 F.2d at 900. We hold this reasoning to be sound and therefore adopt the Second and Seventh Circuits' position. In the present case, the Commission found that the disputed portions of the presentence investigation report were accurate and were supported by the record as a whole. We hold, therefore, that the Commission's reliance on those portions of the

report was not improper and that the Commission's recommendation, reached in part on that basis, was not arbitrary and capricious.

■ Coleman next argues that section 235(b)(3) of the Sentencing Reform Act, *see* 18 U.S.C. § 3551 note (1988), mandates that a presumptive parole date be set within the applicable parole guideline range of twenty to twenty-six months. In making this argument, Coleman relies on language in a superseded version of section 235(b)(3), which provided, in pertinent part:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is *within the range that applies to the prisoner under the applicable parole guideline....*

Pub.L. No. 98–473, § 235(b), 98 Stat. 1976, 2032 (1984) (emphasis added).

Coleman, however, improperly relies on the highlighted language. As this court discussed in *Valladares v. Keohane*, 871 F.2d 1560 (11th Cir.1989), the congressional purpose in enacting section 235(b)(3) was not to displace the manner in which the Commission determined parole eligibility dates; rather, in enacting the section, Congress intended solely to establish a "winding up" provision designed to ensure that every inmate serving a pre-Sentence Reform Act sentence would have a parole date set before the dissolution of the Parole Commission in 1992. *See id.* at 1563. Supporting this conclusion is the fact that thirty-six days after the Sentencing Reform Act had taken effect, Congress amended section 235(b)(3) to clarify its intent. *See* Sentencing Act of 1987, Pub.L. No. 100–182, § 2, 101 Stat. 1266. Pursuant to this amendment, section 235(b)(3) now provides, in pertinent part:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of the Act, *pursuant*

to *Section 4206 of Title 18, United States Code....*

*See* 18 U.S.C. § 3551 note.

In the present case, Coleman was afforded a parole determination on the basis of prior Commission practices; hence, there was no violation of the statute, and Coleman's claim on this point is meritless.

■ Finally, Coleman argues that the Commission improperly failed to consider his institutional conduct. The district court, however, found that the Commission had considered that factor in the present case. As our predecessor court has held, moreover, "good behavior does not require the Commission to grant parole." *Page v. United States Parole Comm'n*, 651 F.2d 1083, 1087 (5th Cir. Unit A July 1981); *see Landrum v. Warden, Federal Correctional Inst.*, 623 F.2d 416, 418 (5th Cir.1980); *Shahid v. Crawford*, 599 F.2d 666, 670 (5th Cir.1979).* We therefore reject this argument as well.

### III.

For the foregoing reasons, we hold that Coleman's arguments are without merit. The district court's decision is therefore

AFFIRMED.

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.