**Richard PIEKARSKI, Appellant,**

v.

**Joseph B. BOGAN and United States Parole Commission, Appellees.**

**No. 89–5331MN.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1990.

Decided Aug. 20, 1990.

Donald V. Morano, Chicago, Ill., for appellant.

Douglas R. Peterson, Minneapolis, Minn., for appellees.

Before McMILLIAN and ARNOLD, Circuit Judges, and FRIEDMAN,* Senior Circuit Judge.

ARNOLD, Circuit Judge.

This case is about when Mr. Piekarski is entitled to get out of prison. He was sentenced in 1984 to twenty-five years in jail, with the possibility of parole, for interfering with interstate commerce by threats and violence, and for interstate transportation to further a racketeering scheme. In 1987, the United States Parole Commission, at its initial hearing on Piekarski's case, determined that he would be eligible for parole in 1994—after serving one-third of his sentence (one hundred months) in prison. The Regional Commissioner adopted this recommendation and set Piekarski's presumptive parole date as March 2, 1994. In 1988, Piekarski petitioned the federal courts for a writ of habeas corpus. He alleged that he was currently eligible to be released on parole. The Magistrate recommended that his petition be denied. The District Court[1] agreed, and Piekarski appeals. We affirm.

Piekarski relies upon § 235(b)(3) of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 2032 (1984). That part of

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

the statute—which revised the federal sentencing process as a whole—is a housekeeping provision regarding parole. It required the United States Parole Commission to set parole dates for all eligible prisoners who would still be in custody in 1989, when the Commission was scheduled to be abolished. These parole dates were, by the terms of § 235(b)(3), to be determined by reference to the "applicable parole guideline" of the newly minted United States Sentencing Guidelines. Under the relevant guideline provision, the petitioner would be eligible for parole after serving twenty-four to thirty-six months of his sentence. Since Piekarski has been in prison since 1984, if he prevails, he would be entitled to be released immediately. The controversy arises from the fact that 18 U.S.C. § 4205(a), in force when Piekarski was sentenced, requires that federal prisoners serve at least one-third of their sentence before gaining parole eligibility. This case, and others like it across the country, stems from the facial conflict of these two statutory commands. (The litigation has not abated even though a regulation promulgated by the Parole Commission, 28 C.F.R. § 2.64 (1987), attempted to resolve the conflict by interpretation.)

The Congress recognized the conflict. Accordingly, it amended § 235(b)(3) by deleting the reference to the Sentencing Guidelines and inserting a reference to 18 U.S.C. § 4206, which outlines parole-determination criteria. See Sentencing Act of 1987, Pub.L. No. 100–182, § 2(b)(2), 101 Stat. 1266 (1987). The petitioner seeks to make the most of Congress's change. He argues, first, that part of Congress's intention in reforming federal sentencing with the 1984 Act was to benefit a class of parole-eligible federal prisoners (of which he is a member) by accelerating that eligibility. Second, he contends that the 1987 amendment doesn't apply to him. Piekarski also argues, in the alternative, that if the 1987 amendment of § 235(b)(3) applies to him, his liberty interest in accelerated parole-eligibility—created by Congress and protected by the Fifth Amendment—was unconstitutionally taken from him without due process of law. We reject each contention.

It is not necessary to address Piekarski's arguments in detail. They are clearly without merit. And at least seven of our sister circuits have addressed and rejected similar and related contentions. See, *e.g.*, *Romano v. Luther*, 816 F.2d 832 (2d Cir.1987); *United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167 (3rd Cir.1989); *Lightsey v. Kastner*, 846 F.2d 329 (5th Cir.1988), *cert. denied*, 488 U.S. 1015, 109 S.Ct. 807, 102 L.Ed.2d 798 (1989); *Skowronek v. Brennan*, 896 F.2d 264 (7th Cir.1990); *Tripati v. United States Parole Commission*, 872 F.2d 328 (9th Cir.1989); *Lewis v. Martin*, 880 F.2d 288 (10th Cir.1989); *Valladares v. Keohane*, 871 F.2d 1560 (11th Cir. 1989). We find these decisions and their reasoning, in so far as they apply to Piekarski's contentions, persuasive. We adopt them as our own. Piekarski must serve his time in prison; he cannot profit from Congress's inadvertence. This petition was correctly dismissed.

Affirmed.