UNITED STATES COURT OF APPEALS

**Filed 3/1/96**

TENTH CIRCUIT

---

ISIAH EVANS, III,                              )
                                               )
        Petitioner,                            )
                                               )        No. 95-1323
v.                                             )     (D.C. No. 95-B-166)
                                               )        (D. Colo.)
UNITED STATES PAROLE COMMISSION,   )
                                               )
        Respondent.                            )

---

ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Isiah Evans, III, a federal prisoner, brought this pro se action alleging he is entitled to immediate release under the Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(b)(3), 98 Stat. 1837, 2032 (1984) and 28 C.F.R. § 2.64 (1987). The case was referred

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to a magistrate judge, who recommended that relief be denied. The district court agreed and dismissed the action. Mr. Evans appeals and we affirm.

Mr. Evans was sentenced in 1979 to twenty-five years in prison for armed bank robbery. At his initial parole hearing in 1979, the United States Parole Commission (USPC) concluded that a release date above Mr. Evans' initial guideline range of 78-100 months was warranted because Mr. Evans committed the offense only eight months after he had been paroled on a state armed robbery conviction. After an interim hearing, the USPC ordered Mr. Evans continued to the expiration of his sentence. This decision was based in part upon Mr. Evans' numerous institutional infractions, which increased Mr. Evans' original guideline range to 166-270 months. At the time of the lower court proceedings, Mr. Evans' mandatory release date was November 17, 1995.[1]

Section 235(b)(3) of the 1984 Act required the USPC to "set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after [November 1, 1987], that is within the range that applies to the prisoner under the applicable parole guideline." 98 Stat. at 2032 (1984) (emphasis added).[2] Mr. Evans

---

[1]Mr. Evans pled guilty to assaulting a prison staff psychologist and was given a 90-day term of imprisonment to be served consecutively to his current sentence. Moreover, it appears that Mr. Evans has continued to commit institutional infractions because his release date is now January 13, 1999.

[2]Congress amended § 235(b)(3) on December 7, 1987, by striking out "that is within the range that applies to the prisoner under the applicable parole guideline" and inserting in lieu thereof "pursuant to section 4206 of Title 18, United States Code." Sentencing Act of 1987, Pub. L. No. 100-182, 101 Stat. 1266 (1987). Section 4206 vested the USPC with discretion to set a release date above the guidelines, a power the

contends that the above provision and 28 C.F.R. § 2.64, in which the USPC interpreted this section, created an enforceable agreement under which the inmates who committed offenses prior to the effective date of the Sentencing Reform Act are entitled to have release dates set at the one-third of their sentences.

Mr. Evans' arguments are variations on a theme that courts have been hearing ever since the enactment of the original version of section 235(b)(3) in 1984. Every circuit which has considered the unfortunate language upon which Mr. Evans relies has rejected the contention that it accelerates eligibility for release on parole. See Piekarski v. Bogan, 912 F.2d 224, 225 (8th Cir. 1990) (collecting cases). This court has likewise held that the original version of section 235(b)(3) does not advance a prisoner's release date. Lewis v. Martin, 880 F.2d 288 (10th Cir. 1989). With regard to Mr. Evans' specific arguments, we point out in addition that nothing in the language of either section 235(b)(3) or section 2.64 supports his claim that he must be released after serving a third of his sentence.[3] While at one time Mr. Evans was entitled under those provisions to have his release date set by the Parole Commission on or before November 1, 1992, that period has since been

_____

USPC asserted that it had always retained notwithstanding the enactment of the original § 235(b)(3).

[3] 18 U.S.C. § 4205(a) (since repealed) provides that a prisoner such as Mr. Evans shall be eligible for release on parole except to the extent otherwise provided by law. Sections 4206(c) and (d) vest the USPC with discretion to deny parole to inmates who are eligible under § 4205(a).

extended to November 1, 1997.[4]

Mr. Evans also contends the district court did not undertake the requisite de novo review of the magistrate judge's report and recommendation. When, as here, written objections to a magistrate's report are timely filed, the district court is required to conduct a de novo review of those portions of the report to which objection has been made. See Bratcher v. Bray-Doyle Indep. Sch. Dist., 8 F.3d 722, 724 (10th Cir. 1993). "[W]e presume the district court knew of these requirements, so the express references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Id. Here, the district court expressly stated it had undertaken de novo review in response to the written objections. See rec., vol. I, doc. 23. Our review of the record has not revealed any clear indication to the contrary, and we therefore conclude the court properly conducted a de novo review of the record.

Finally, Mr. Evans asserts that the lower court erred in dismissing his complaint without giving him an opportunity to amend it. It is not clear from the record and Mr. Evans' appellate briefs that he in fact desires an opportunity to remedy the defects in his pleadings by amending them. Rather, it appears to be Mr. Evans' position that his pleadings state a claim for relief and that he should therefore be granted immediate

---

[4]Section 235(b)(3) was amended again in 1990 to extend the five-year period to ten years, i.e., November 1, 1997. See Pub. L. No. 101-650, 104 Stat. 5089, 5115 (1990).

release.  We construe pro se pleadings liberally and a district court should not dismiss a pro se complaint without leave to amend if the defects can be cured by amendment.  <u>See Reynoldson v. Shillinger</u>, 907 F.2d 124, 125-26 (10th Cir. 1990).  However, it is apparent Mr. Evans could not, even if he desired to, amend his complaint to state a claim for relief under section 235(b)(3).

AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge