**Filed 12/13/96**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

MARK WINSLOW GADE,

       Petitioner - Appellant,

v.

UNITED STATES PAROLE
COMMISSION; and JOE W. BOOKER,
Warden,

       Respondents - Appellees.

No. 96-1341

D. Colorado

(D.C. No. 96-K-358)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mark Winslow Gade appeals the district court's order denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Gade argues that: (1) under the original version of § 235(b)(3)[1] of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(b)(3), 98 Stat. 2032 (1984) (codified as amended at 18 U.S.C. § 3551 (1985 & Supp. 1996)), and its original regulatory interpretation at 28 C.F.R. 2.64 (1987), the Parole Commission is required to set Gade's release date within the guidelines of sixty to seventy-two months and because he has already served in excess of seventy-two months he is entitled to immediate release; (2) the amended versions of § 253(b)(3) and 28 C.F.R. 2.64, which expressly allow the Parole Commission to set release dates outside the guidelines, are ex post facto laws; and (3) in any event, the Parole Commission was required to release him in February, 1994, because he had then served eighty months, a third of his twenty-year sentence. The magistrate judge concluded that Gade's arguments have no merit and recommended that the district court dismiss the petition. The district court adopted the magistrate's opinion and denied the petition.

Gade's renewed arguments on appeal are simply variations on a theme that courts have been hearing from federal prisoners since the enactment of the original version of § 253(b)(3). This court and at least seven other circuits have rejected same or similar arguments. See, e.g., Lewis v. Martin, 880 F.2d 288 (10th Cir. 1989); Piekarski v. Bogan,

---

[1] The text of the original § 253(b)(3) can be found at 18 U.S.C. § 3551 note (1985).

912 F.2d 224 (8th Cir. 1990); <u>Skowronek v. Brennan</u>, 896 F.2d 264 (7th Cir. 1990); <u>Valladares v. Keohane</u>, 871 F.2d 1560 (11th Cir. 1989); <u>Tripati v. United States Parole Comm'n</u>, 872 F.2d 328 (9th Cir. 1989); <u>United States v. Keohane</u>, 877 F.2d 1167 (3d Cir. 1989); <u>Lightsey v. Kastner</u>, 846 F.2d 329 (5th Cir. 1988); <u>Romano v. Luther</u>, 816 F.2d 832 (2d Cir. 1987). In view of the settled law on this subject, Gade's contentions are frivolous. The district court's order denying Gade's petition is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge