Kent T. L'ALLIER, Petitioner—
Appellant,

v.

UNITED STATES PAROLE COMMIS-
SION and Mike Adams, Warden
U.S.P. Lompoc, California, Respon-
dents—Appellees.

No. 01–56567.

D.C. No. CV–00–11745–R.

United States Court of Appeals,
Ninth Circuit.

Submitted on July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI and
BERZON, Circuit Judges.

MEMORANDUM **

Federal prisoner Kent T. L'Allier ap-
peals pro se the district court's dismissal
of his 28 U.S.C. § 2241 habeas corpus
petition challenging the United States Pa-
role Commission's decision setting his re-
lease. We have jurisdiction under 28
U.S.C. §§ 1291 and 2253(a). We review de
novo a district court's denial of a § 2241
petition. *Zitto v. Crabtree*, 185 F.3d 930,
931 (9th Cir.1999) (per curiam). We af-
firm.

L'Allier contends that he was entitled to
an earlier release date than that set by the
Commission. According to L'Allier, the
Commission arrived at his release date by
applying an amendment to the Sentencing
Reform Act of 1984 ("SRA") retrospective-
ly, in violation of the Ex Post Facto clause
of the Constitution.

When L'Allier committed the offenses
resulting in his imprisonment, as when he
was sentenced, the Commission had the
authority to set parole release dates be-
yond the dates provided in applicable sug-
gested guidelines. *See* 18 U.S.C.
§ 4206(c); *Tripati v. United States Parole
Comm'n*, 872 F.2d 328, 330 (9th Cir.1989)
(per curiam). The amendment at issue
merely restored this authority following an
intervening change in the governing law-a
change which was never applicable to L'Al-
lier. *See id.* Because the amendment
merely reinstated the status quo, it did not
disadvantage L'Allier. *See id.* Its appli-
cation to him therefore did not violate the
Ex Post Facto Clause, and the district
court did not err by denying L'Allier's
§ 2241 petition.

AFFIRMED.

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.