James William LEWIS,
Petitioner–Appellant,

v.

Tommy C. MARTIN,
Respondent–Appellee.

No. 88–2710.

United States Court of Appeals,
Tenth Circuit.

July 24, 1989.

Donald V. Morano, Chicago, Ill., for petitioner-appellant.

William S. Price, U.S. Atty., and H. Lee Schmidt, Asst. U.S. Atty., Oklahoma City, Okl., for respondent-appellee.

Before LOGAN, SEYMOUR and BALDOCK, Circuit Judges.

SEYMOUR, Circuit Judge.

Petitioner James William Lewis, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (1982) in the Western District of Oklahoma. The district court denied the writ, and we now affirm.[1]

## I.

Petitioner Lewis' claims bring before this court the question of the parole status of prisoners sentenced before the effective date of the Sentencing Reform Act of 1984 under the transition provisions of that Act. Lewis was sentenced on December 13, 1982, to a term of 20 years in federal prison. Pursuant to 18 U.S.C. § 4205(a) (repealed effective Nov. 1, 1987), the sentencing court ordered that Lewis should not become eligible for parole before serving one third of his sentence. The Parole Commission computed Lewis' prison time under the guidelines to be 40–52 months. Because he was sentenced under section 4205(a), however, the Commission set his release date as August 27, 1989, giving Lewis a prison term of approximately 80 months. In his petition and on appeal, Lewis claims that section 235(b)(3) of the Sentencing Reform Act of 1984, Pub.L. 98–473, § 235(b)(3), 98 Stat. 1837, 2032 (1984) (1984 Act),[2] requires the Commission to set his release within the guideline range despite the requirement of section 4205(a), and that he is therefore entitled to immediate release.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

2. The entire Sentencing Reform Act has been codified at 18 U.S.C. § 3551, *et seq.* (Supp. V 1987).

## II.

Section 235 of the 1984 Act abolishes the Parole Commission, but mandates a five-year phase out for the Commission from the effective date of the Act. The original section 235(b)(3) states as follows:

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Pub.L. No. 98–473, § 235(b)(3), 98 Stat. 1837, 2032 (1984).

The five-year period began to run on November 1, 1987. *See Lightsey v. Kastner,* 846 F.2d 329, 332 (5th Cir.1988); *Romano v. Luther,* 816 F.2d 832, 837–39 (2d Cir.1987). On December 7, 1987, section 235(b)(3) was amended to delete the clause requiring the Commission to set release dates within the guideline range. *See* Sentencing Act of 1987, Pub.L. 100–182, § 2(b)(2), 101 Stat. 1266 (1987) (1987 amendment). The amended section 235(b)(3) requires the Commission to set release dates "pursuant to section 4206 of Title 18 United States Code," which permits release dates outside the guideline range.

Lewis claims the original section 235(b)(3) entitled him to immediate release because he was already incarcerated beyond his guideline range as of its effective date. He further argues that the 1987 amendment, if applied to allow the Commission to set his release date outside the guideline range, deprives him of a liberty interest without substantive due process. We need not reach the second issue because we hold that the original section 235(b)(3) did not give Lewis an entitlement to release within the guideline range.

▉▉▉ Lewis interprets the statute as requiring the Parole Commission to enter release dates within the guideline range for all prisoners sentenced under the old laws whose maximum sentences run to or beyond November 1, 1992. His interpretation is contrary to judicial precedent, the structure of the relevant statutes, and common sense. The effect of section 235(b)(3) was discussed in detail by the Second Circuit in *Romano,* 816 F.2d at 837–39. The court was faced there with the same interpretation argued to us in this case. The court rejected it for a number of reasons, which we find persuasive.

It is evident from the entirety of section 235 that subsection (b)(3) is a "winding-up" provision to ensure that the Parole Commission will set release dates for all prisoners sentenced under the old statutes before it goes out of business on November 1, 1992. *See id.* at 839–40. The subsection does not require the Commission to take immediate action on the release date of any prisoner. Rather, by its own terms, the subsection requires the Commission to set a release date for any prisoner within its jurisdiction sufficiently before November 1, 1992, to allow him time to appeal the decision. Lewis is scheduled to be paroled in August 1989.

Lewis vigorously argues that the phrase "in [the Commission's] jurisdiction the day before the expiration of five years after the effective date of this Act," means that section 235(b)(3) applies to any person who will be in prison *or* out on parole on that day. He argues that "jurisdiction" should have the same meaning here as in 18 U.S.C. § 4210(b), which provides that the "jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maximum term or terms for which he was sentenced." Since Lewis' maximum term extends well beyond 1992, he contends he will be under the jurisdiction of the Commission on November 1, 1992.

The argument, while formalistically appealing, defies the common sense reading of section 235(b)(3). If Lewis were correct, section 235(b)(3) would be transformed from a mere phase-out provision into a sweeping decision to grant earlier release

dates to large numbers of federal prisoners currently serving time beyond their guideline-recommended release dates. Nothing in the entire 1984 Act other than this choice of the word "jurisdiction" justifies this conclusion. The relative unimportance of this choice was persuasively discussed by the court in *Romano:*

As Justice Frankfurter once observed, the term "'jurisdiction'" is "a verbal coat of too many colors." *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 39, 73 S.Ct. 67, 70, 97 L.Ed. 54 (1952) (dissenting opinion). Its meaning varies with its context, and it is evident that Congress intended different meanings when it used the term in 18 U.S.C. § 4210(b) and in subsection 235(b)(3) of the Sentencing Reform Act. The usage in section 4210 refers explicitly to the power of the Parole Commission "over the parolee." That section assures that the Commission will retain power to supervise a parolee and to revoke his parole for violation of the conditions of parole. Subsection 235(b)(3) serves the entirely different purpose of requiring the Commission to set a parole release date for a specified category of individuals. Obviously, the task of setting a parole release date has no application to those already on parole, though still under the Commission's supervisory jurisdiction. Subsection 235(b)(3) concerns those within the jurisdiction of the Commission in the sense of remaining in prison.

816 F.2d at 840–41.

Lewis points to the legislative history of the 1984 Act, and correctly notes that Congress expressed considerable dissatisfaction with the parole guideline system. Congress' solution to this problem was the abolition of the Parole Commission system and the implementation of new sentencing guidelines. Its solution was not, as Lewis argues, to statutorily order all prisoners sentenced under the old system to be released within their guideline ranges.

Subsection 235(b)(3) is obviously designed to deal with a very specific problem—the need to be sure a parole date is established for all those who will still be in prison the day before the Parole Com-

mission ceases to exist. For that limited group, Congress chose not to require service of their maximum sentences but instead to afford them release on parole within their applicable parole guideline ranges. In all likelihood there will be a relatively small number of prisoners sentenced under the current system and still in custody on October 30, 1992, the day before the end of the transition period. Only that group, of which [petitioner] is not now likely to be a member, will benefit from subsection 235(b)(3).

*Id.* at 841.

As we have noted, Lewis' release date has been set as August 27, 1989. As the facts of this case now stand, he will not be in prison on November 1, 1992. Section 235(b)(3) consequently does not apply to him. *See Romano* at 816 F.2d 840–41; *Kele v. Carlson,* 854 F.2d 338, 339–40 (9th Cir.1988) (per curiam); *Hackett v. U.S. Parole Comm'n,* 851 F.2d 127, 132–33 (6th Cir.1987) (per curiam).

The judgment below is therefore AFFIRMED.