930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Darrell PROWS, Petitioner-Appellant,
v.
WARDEN, FEDERAL CORRECTIONAL INSTITUTION, ENGLEWOOD,
COLORADO; and United States Parole Commission,
Respondents-Appellees.
 No. 90-1306.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Darrell Prows, a federal prisoner, appeals from the denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. Petitioner alleged that the parole commission failed to properly set his parole eligibility date based upon the sentencing court's implied sentence under former 18 U.S.C. Sec. 4205(b)(2) and upon Sec. 235(b) of the Sentencing Reform Act of 1984. Petitioner also claimed he is entitled to habeas relief because of the substandard conditions of the law library at FCI Englewood. The petition was summarily denied, and this appeal followed. We affirm.
 
 
 3
 Petitioner first argues the trial court erred by concluding he was attacking his sentence. To the contrary, he maintains he is not attacking his sentence but the way in which the sentence is being carried out by the Executive Branch. The distinction is facile, but not a persuasive argument for reversal.
 
 
 4
 Petitioner's allegations about the sentence he received are mere unsupported hypotheses. He did not attach a copy of the judgment and commitment to support his argument the trial judge intended he be given a Sec. 4205(b)(2) sentence. Moreover, petitioner seems to be arguing that the sentencing judge's remarks from the bench were ambiguous; therefore, a (b)(2) sentence should be presumed. When an oral sentence is ambiguous, however, the sentence is determined by the written judgment and commitment. United States v. Villano, 816 F.2d 1448, 1450 (10th Cir.1987).
 
 
 5
 While his collateral argument on Sec. 235 is not entirely clear, it would appear to have been resolved in Lewis v. Martin, 880 F.2d 288 (10th Cir.1989). In Lewis we held that Sec. 235 did not mandate the setting of a parole release date for an inmate whose maximum sentence exceeded five years beyond the effective date of the Sentencing Reform Act of 1984. Petitioner claims that Sec. 235(b)(3) "entitles me to parole eligibility at this time," but he asserted no facts in his petition to support that bald claim.
 
 
 6
 Finally, petitioner's allegations that the inmate law library "makes it almost impossible for anyone to do effective legal work" do not rise to the level of a deprivation requiring his release under Sec. 1241. While such allegations may give rise to other remedies, habeas corpus is not among them because the library conditions have no bearing on the validity of his custody. Cf. Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir.1980), (habeas corpus will not lie to permit an inmate access to a law library), cert. denied, 450 U.S. 984 (1981). Unless petitioner's right of access to the courts is barred by the absence of a means for legal assistance, the quality of existing facilities alone does not constitute a constitutional issue. Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3