**Anthanasios G. DALLIS,
Petitioner–Appellant,**

v.

**Tommy MARTIN, Respondent–Appellee.**

No. 90–6331.

United States Court of Appeals,
Tenth Circuit.

April 8, 1991.

---

Anthanasios G. Dallis, Big Spring, Tex., pro se.

Timothy D. Leonard, U.S. Atty. and Debra A. Woods, Asst. U.S. Atty., Oklahoma City, Okl., for respondent-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Petitioner, A.G. Dallis, a federal prisoner, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging a United States Parole Commission decision. The district court dismissed the petition. We affirm.[1]

On August 17, 1987, Dallis was sentenced to a five-year suspended sentence for conspiracy to bomb, and two ten-year consecutive terms of imprisonment for malicious destruction of a building and unlawfully making a firearm. The Parole Commission assigned an offense behavior category of seven which resulted in a parole guideline range of 52 to 80 months. It also "aggregated [Dallis's] two ten-year sentences and determined that he would not be

eligible for parole until he had served 80 months or one-third of his aggregate sentence." Memorandum Opinion at 2 (September 27, 1990) ("Opinion"). Thereafter, Dallis received a notice of action dated April 12, 1988, that he was continued to a presumptive parole after serving 80 months.

Dallis challenged this agency action in district court. He raised two grounds in his action for habeas corpus relief. First, he argued that the Parole Commission should have calculated his offense behavior as category five which would have resulted in a guideline range of 24 to 36 months. Second, he argued that he is eligible for parole consideration after the service of 40 months because "the penalty provision for his [C]ount 3 conviction [made] him immediately eligible for parole consideration as to that [C]ount." Opinion at 2–3. The district court determined that: (1) under the Count 3 penalty provision, Dallis must serve one-third of his sentence before parole consideration; and, (2) the Parole Commission properly aggregated Dallis's two ten-year sentences. Consequently, it decided that the Parole Commission correctly computed Dallis's parole eligibility date and it dismissed Dallis's petition. Because a lower offense severity would not change this result, the district court did not address the merits of Dallis's first ground. On appeal, Dallis raises both grounds again. First, we address the question of Dallis's parole eligibility date.

Appellant and Appellee agree that pursuant to 18 U.S.C. § 4205(a) and (b) (1988), because the sentencing court "did not exercise its power to set a parole eligibility date, 18 U.S.C. § 4205(a) applies." Appellee's Brief at 4. Pursuant to 18 U.S.C. § 4205(a) (1988), "a prisoner shall be eligible for release on parole after serving one-third of [his] term . . ., except to the extent otherwise provided by law."[2] Prior to an

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is

therefore ordered submitted without oral argument.

**2.** 18 U.S.C. §§ 4201–4218 (1988), *repealed by* Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 218(a)(5), 98 Stat.1937, 2027, apply for

amendment enacted on October 12, 1984, the penalty statute under which Dallis received his Count 3 sentence, 26 U.S.C. § 5871 (1988), provided such an exception.

The amendment to 26 U.S.C. § 5871 deleted language that allowed the Parole Commission to consider parole at its discretion so that it now reads:

> Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, ... be imprisoned not more that ten years....

26 U.S.C. § 5871 (1988). Prior to passage of that amendment, however, the statute continued, "and shall become eligible for parole as the Board of Parole shall determine." Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 227, 98 Stat.1937, 2030 ("Sec. 227 amendment").

Dallis asserts that the amended statute became effective on November 1, 1987, after he was sentenced and well after he committed his offenses. Therefore, he argues the prior statute applies to his Count 3 sentence and the Parole Commission had the discretion to immediately consider him for parole as to that Count. The district court decided that the Sec. 227 amendment was effective on October 12, 1984, prior to when Dallis committed his offenses, and so applied to his Count 3 sentence.

## I.

Ordinarily, " 'judicial review' of [a] Parole Commission action is ... whether the decision of the Commission is arbitrary or capricious, or an abuse of discretion." *Resnick v. United States Parole Comm'n*, 835 F.2d 1297, 1301 (10th Cir. 1987). In this case, however, Dallis's parole eligibility date depends on a question of law: What was the effective date of the particular Sentencing Reform Act section that amended the Count 3 penalty statute? We review this question *de novo*.

The Sentencing Reform Act of 1984 ("SRA") was passed as Chapter II of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 ("CCCA"). In *Romano v. Luther*, 816 F.2d 832, 834 (2d Cir.1987), the Second Circuit explained that the CCCA "is an amalgamation of various bills originally drafted in the expectation of being enacted independently of other bills.... [which] contains 23 chapters, each making changes in a different area of federal criminal law." The Sentencing Reform Act "creates the new system of determinate sentences to be imposed under sentencing guidelines ... and abolishes parole." *Id.*

Sentencing Reform Act, Sec. 235 "establishes a uniform effective date for most provisions of ... the [SRA,] provides for certain exceptions to the uniform effective date, and contains special provisions related to the transition from the current system of sentencing to the new system." *Id.* at 835.[3] Subsection 235(a)(1) provided that the Sentencing Reform Act, with some exceptions, "shall take effect on the first day of the first calendar month beginning twenty-four months after the date of enactment." Subsequently, Congress changed this period to thirty-six months. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728, 1728. Therefore, most of the Sentencing Reform Act took effect on November 1, 1987. To effect a smooth transition between the parole system and the new determinate sentencing system, however, certain parts of the Sentencing Reform Act necessarily became effective upon enactment of the CCCA on October 12, 1984.[4]

When the CCCA was enacted on October 12, 1984, Sec. 235(a)(1)(B)(ii)(IV) stated:

---

five years after November 1, 1987, to individuals who committed offenses prior to November 1, 1987. 18 U.S.C. §§ 4201–4218 (1988).

**3.** As a whole, the CCCA had no effective date provision and so it became effective upon enactment, "except to the extent that specific provisions of the CCCA otherwise provide." *Romano v. Luther*, 816 F.2d at 837.

**4.** *See, e.g., Norwood v. Brennan*, 891 F.2d 179, 181–82 (7th Cir.1989) ("SRA transition provi-

sions [including] § 235 were effective immediately"); *Romano v. Luther*, 816 F.2d at 839 (CCCA Ch. II, § 235(b)(3), the "winding up" provision, takes effect on October 12, 1984).

Other parts of the CCCA such as the Bail Reform Act of 1984, Pub.L. No. 98–473, §§ 202, 203, 98 Stat.1976, 1976 (codified as amended at 18 U.S.C. §§ 3141–3150 (1988)), also became effective on October 12, 1984. *United States v. Affleck*, 765 F.2d 944, 948 (10th Cir.1985); *see also United States v. Shaffer*, 789 F.2d 682, 686–

"the provisions of sectio[n] 227 ... [which amended 26 U.S.C. § 5871 by deleting the discretionary provision,] shall take effect on the date of enactment." Even though in 1986 this section was amended to replace part IV with language specifying when the SRA Sec. 212(a)(2)[5] would take effect, we agree with the district court that the later amendment to Sec. 235 which deleted reference to Sec. 227 did not repeal Sec. 227. The district court explained:

> [T]he legislative history of the amendments to Public Law 98–473 does not indicate any express intention to repeal § 227, [and] ... this Court will not interpret § 227 to be repealed by implication. Further, the amendment to 26 U.S.C. § 5871 had already been in effect for two years prior to the 1986 amendment, and therefore, there was no reason to mention § 227 in the subsequent amendments, unless Congress intended to change it.

Opinion at 8 (citing *United States v. Batchelder*, 442 U.S. 114, 122, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979)); *see also United States v. Barrett*, 837 F.2d 933, 934 (10th Cir.1988) ("Courts are reluctant to find repeal by implication even when a later statute is not entirely harmonious with an earlier one.... unless the text of legislative history of the later statute shows that Congress intended to repeal the earlier and simply failed to do so expressly.") (citing *Watt v. Alaska*, 451 U.S. 259, 266–67, 101 S.Ct. 1673, 1677–78, 68 L.Ed.2d 80 (1981)). The 1986 amendment to Sec. 235(a)(1)(B)(ii)(IV) merely "add[ed] a fourth event that must precede the effectiveness

of the sentencing guidelines—section 212(a)(2) of the Crime Control Act taking effect." *Romano v. Luther*, 816 F.2d at 836 n. 4. It did not change the effective date of the Sec. 227 amendment to 26 U.S.C. § 5871 which expressly became effective upon enactment two years earlier. The district court correctly determined that the Sec. 227 amendment was effective on October 12, 1984.

The district court also noted that although the 1985 version of 28 C.F.R. § 2.2(d) was in conflict with the then recently amended 26 U.S.C. § 5871 (1988), in 1988 the regulation was amended to be consistent with the statute. As amended it also deletes the discretionary release of inmates who commit offenses on or after October 12, 1984, and requires completion of one-third of a sentence term before the Parole Commission may consider parole. 28 C.F.R. § 2.2(d) (1990).[6]

Because we also agree that the Parole commission properly aggregated Dallis's two ten-year sentences to determine an 80–month parole eligibility from a twenty-year base,[7] we hold that the Parole Commission correctly computed Dallis's parole eligibility.

We need not address Dallis's other issue on appeal that the Parole Commission miscalculated his offense behavior rating. It is a well-settled general rule that "a federal appellate court does not consider an issue not passed upon below." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 (10th Cir.1983) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976)).

---

87 (9th Cir.1986) (CCCA amendments to 18 U.S.C. § 3731 (1988) became effective October 12, 1984).

5. Criminal Law and Procedures Technical Amendments Act of 1986, Pub.L. No. 99–646, § 35, 100 Stat. 3592, 3599. The Sentencing Reform Act, Sec. 212(a), repeals certain United States Code Title 18 sections and substitutes new chapters to effect the new Sentencing Reform Act, codified as amended at 18 U.S.C. §§ 3551–3559 (1988).

6. Naturally, a regulation may be out of step with a statute it is intended to enforce for a period after the statute is amended and before the corresponding regulation is likewise amended. Even if the regulations which were tempo-

rarily out-of-step with the statute applied, as Appellee notes "offenders have fair warning that the guidelines governing parole determinations are subject to change and a prisoner does not have any expectation of a particular parole system." Appellee's Brief at 9–10; *see Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979); *Yamamoto v. United States Parole Comm'n*, 794 F.2d 1295, 1299–1300 (8th Cir. 1986); *Inglese v. United States Parole Comm'n*, 768 F.2d 932, 940 (7th Cir.1985); *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir.1982).

7. *Goode v. Markley*, 603 F.2d 973, 976–77 (D.C. Cir.1979) *cert. denied*, 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980); *Walker v. J.C. Taylor*, 338 F.2d 945, 945–46 (10th Cir.1964).

Although a court might bend this rule in the interest of fairness to avoid injustice or if "the proper resolution is beyond any doubt," *id.* (quoting *Singleton v. Wulff,* 428 U.S. at 121, 96 S.Ct. at 2877), the Parole Commission correctly computed Dallis's parole eligibility date. Therefore, it is not unfair for us to refuse to review his offense severity rating because:

> even if the Commission were to rate his offense in a lower category, with corresponding lower guideline, he still would not be eligible for release until he had served 80–months.... [A]ssigning him a lower offense severity would not change his release date.

Appellee's Brief at 10.

In sum, the amended penalty statute applies to Dallis's Count 3 sentence. Pursuant to this statute, the Parole Commission correctly computed Dallis's parole eligibility date. The district court, therefore, properly dismissed Dallis's petition for habeas corpus relief.

We AFFIRM.