UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 3/19/96**

KEVIN A. SELTENRICH,                    )
                                        )
    Petitioner-Appellant,           )
                                        )
vs.                                     )        No. 95-1407
                                        )     (D.C. No. 94-S-2438)
PATRICK WHALEN,                         )        (D. Colo.)
                                        )
    Respondent-Appellee.            )

ORDER and JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

I.

The Sentencing Reform Act of 1984 ("SRA") became effective on November 1, 1987. See Sentencing Reform Amendments of 1985, Pub. L. 99-217, § 4, 99 Stat. 1728 (1985). The SRA repealed the sentencing parole provisions codified at 18 U.S.C. §§ 4201-18, and thereby abolished the United States Parole Commission. Comprehensive

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Crime Control Act of 1984, Pub. L. 98-473, ch. II, § 218(a)(5), 98 Stat. 2027 (1984). The SRA's "savings provision," however, extended the life of the Commission under prior law "for five years after the effective date [of the SRA] as to an individual convicted of an offense . . . before the effective date . . . ." Id. § 235(b)(1)(A), 98 Stat. 2032 (emphasis added).[1]

In the original version of the SRA, Congress directed the Commission to "set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline." Id. § 235(b)(3) (emphasis added). In December 1987, one month after the SRA's effective date, Congress enacted The Sentencing Act of 1987 and amended § 235(b)(3) of the SRA to read: "The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, pursuant to Section 4206 of Title 18 U.S.C." Pub. L. 100-182, § 2(b)(2), 101 Stat. 1266 (1987) (emphasis added). Section 4206 permits the Commission to establish release dates outside the guideline range for good cause. 18 U.S.C. § 4206 (repeal effective Nov. 1, 1997).

---

[1] Section 316 of the Judicial Improvements Act of 1990 further amended § 235(b) to extend the life of the Commission another five years, for a total of ten years after the November 1, 1987 effective date of the SRA, or until November 1, 1997. Pub. L. 101-650, § 316, 104 Stat. 5115 (1990).

2

## II.

Petitioner Kevin A. Seltenrich currently is incarcerated in the federal penitentiary at Florence, Colorado. Seltenrich is serving two consecutive twenty-year sentences as a result of his conviction in December 1984 on two counts of unarmed bank robbery, 18 U.S.C. § 2113(a). On March 24, 1994, Petitioner received a parole hearing. Due to Petitioner's extensive criminal history, the hearing panel recommended that Petitioner's hearing be continued for fifteen years, or until March 2009. This recommendation exceeded Petitioner's parole guideline range by thirty months. The Parole Commission accepted the panel's recommendation and so notified Petitioner on April 11, 1994.

Petitioner appealed to the National Appeals Board ("NAB"), arguing that the amended version of § 235(b)(3), upon which the Commission relied to reach its parole decision, constituted an ex post facto law in violation of U.S. Const. art. I, § 10. Petitioner asserted that he was constitutionally entitled to have his parole release date set within the guideline range under the original version of § 235(b)(3).[2] The NAB affirmed the decision of the Parole Commission.

---

[2] Throughout these proceedings, Petitioner also has claimed that the Parole Commission has improperly acted without a quorum. No quorum requirement, however, exists under the applicable regulations, 28 C.F.R. §§ 2.23-26. These regulations provide generally that a panel of two hearing examiners may make a parole recommendation to the Parole Commission. The Commission may then adopt the recommendation upon a concurring vote of two members. The NAB may then affirm the Commission's decision upon a concurring vote of two members. The record demonstrates that the minimum requisite number of officials participated at each level of Petitioner's case. Accordingly, Petitioner's claim that the Parole Commission may not act without a quorum in his case is without merit.

3

Petitioner, appearing pro se, next filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district court arguing the same basis for relief. The district court denied the writ and dismissed the petition. Petitioner appealed. We exercise jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of habeas relief based upon the Parole Commission's decision to exceed the parole guideline in setting a release date. Kell v. United States Parole Commission, 26 F.3d 1016, 1019 (1994). We affirm.

### III.

Petitioner's argument that the amended version of § 235(b)(3) constitutes an ex post facto law assumes that the original version of that section entitled him to a release date within the guideline range, and prohibited the Parole Commission from setting a release date outside of that range. Petitioner argues that Congress unconstitutionally withdrew that entitlement when it amended § 235(b)(3). In Lewis v. Martin, 880 F.2d 288 (10th Cir. 1989), however, we held that the original version of § 235(b)(3) did not give prisoners convicted and sentenced prior to the effective date of the SRA a right to be released within the guideline range. Id. at 290. At the time of Petitioner's conviction and sentence, 18 U.S.C. § 4206 provided that the Parole Commission could establish release dates outside the parole guideline range for good cause. That law continues to apply to prisoners convicted of crimes committed prior to the SRA's effective date. Because no change in the applicable law has occurred since Petitioner's conviction and incarceration,

4

his argument that the amended version of § 235(b)(3) constitutes an <u>ex post facto</u> law fails. The judgment of the district court is

AFFIRMED.[3]

Entered for theCourt,


Bobby R. Baldock
Circuit Judge

---

[3] Petitioner's motion for bail pending appeal is denied as moot.