**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**DEC 14 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

HENRY J. BORELLI,

      Petitioner-Appellant,

v.

PAGE TRUE, Warden,
USP-Leavenworth,

      Respondent-Appellee.

No. 99-3234
(D.C. No. 97-CV-3217-RDR)
(Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1986 Henry Borelli was convicted in the Southern District of New York for his participation in a stolen car ring. He was sentenced to ten years for each of fifteen violations, to be served consecutively, resulting in a total sentence of 150 years. He is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas. Mr. Borelli appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241.

The Sentencing Reform Act of 1984 (SRA) abolished the United States Parole Commission (Commission) and repealed federal parole statutes in favor of a determinate sentencing scheme employing sentencing guidelines. Pub. L. No. 98-473, Title II, ch. II, 98 Stat. 1987, 2017-2034 (codified as amended at 18 U.S.C. § 3551-3742 (1994)). The SRA became effective on November 1, 1987. *See Lewis v. Martin*, 880 F.2d 288, 290 (10th Cir. 1989); *Lightsey v. Kastner,* 846 F.2d 329, 331-32 & n.10 (5th Cir. 1988). Because Mr. Borelli was convicted prior to the effective date of the SRA, he was not sentenced pursuant to the new system and he remains under the jurisdiction of the Commission, subject to the parole eligibility in effect under his sentence.

Congress originally extended the Commission's existence for five years after the SRA's effective date so that the Commission could continue to process "old law offenders" like Mr. Borelli, whose crimes were committed prior to the effective date. This five year time frame was later extended to ten, and then to

fifteen years, so that the Commission is currently scheduled to expire on October 31, 2002. *See* Pub. L. No. 101-650, Title III, § 316, 104 Stat. 5089, 5115 (extension to ten years); Pub. L. No. 104-232, § 2(a), 110 Stat. 3055 (extension to fifteen years). The SRA, as amended, requires the Commission to set a release date according to parole guidelines for all individuals sentenced under the old system who will still be incarcerated when the fifteen year phase-out period ends. It must set this date within enough time to permit consideration of an appeal before the Commission expires. *See* SRA § 235(b)(3), 98 Stat. at 2032.

Mr. Borelli first argues that the extension of the Commission's life violates the Due Process and Ex Post Facto clauses of the U.S. Constitution. In making this argument, Mr. Borelli apparently assumes that the only thing preventing him from being re-sentenced under the new system is the continued existence of the Commission, and that the prolonged life of the Commission thus constitutes an impermissible "waiting period." He is mistaken.

The district court correctly pointed out in its memorandum and order that the extension of the Commission's phase-out period does not bear upon the constitutional analysis. Indeed, it affects Mr. Borelli's situation very little. While it may result in a longer period of time before the Commission sets a release date for him, it does not alter what his parole eligibility or release dates will actually be. *See, e.g., Lewis*, 880 F.2d at 290 (§ 235(b)(3) does not entitle

defendants to release within guideline range). The length of Mr. Borelli's incarceration is not related to the length of the Commission's life, and nothing in the SRA gives the Commission or any other entity the ability to re-sentence individuals who were sentenced under the old system. *See id.* at 291.[1]

Mr. Borelli next argues that the existence of the dual systems violates equal protection. This argument is also unavailing. Because prisoners are not a suspect class, *see Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989), the SRA need only withstand rational basis scrutiny. Legislative distinctions affecting the portions of sentences that must be served in prison satisfy equal protection standards when they are rationally related to legitimate state purposes. *See Romano v. Luther*, 816 F.2d 832, 842 (2d Cir. 1987).

Congress enacted the SRA with the goals of streamlining the sentencing process and equalizing terms of incarceration for similarly situated prisoners. Congress clearly made the SRA prospective in application, *see* Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987), because to do otherwise would subject "old

---

[1]Although Mr. Borelli has been eligible for parole since 1996, he has waived his parole consideration and has failed to appear before the Commission for parole hearings. This is apparently because of his misconception that the Commission and the parole system are preventing him from receiving a more lenient sentence under the new system. If this is the case, Mr. Borelli is making an improvident decision to waive participation in the only mechanism which might enable him to obtain release from prison. Without parole, his mandatory release date is 2072.

law" prisoners to a change in their sentences. This would expose the SRA to challenge as an unconstitutional ex post facto law. In addition, it would be costly and burdensome for the courts to re-sentence offenders who were properly sentenced under the applicable law at the time. *See Swinson v. United States Parole Comm'n*, 682 F. Supp. 29, 31 (E.D.N.C. 1988). Because Congress had a rational basis for creating a new sentencing system and applying it prospectively, the existence of two separate categories of federal prisoners does not violate equal protection.

Mr. Borelli has not shown that his rights are violated by the continuation of the Commission, nor has he presented any viable argument as to why or how he could be re-sentenced under the new system. Accordingly, the district court's decision denying Mr. Borelli's petition for writ of habeas corpus is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge