**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID J. STERLING,

     Petitioner - Appellee,

v.

ROBERT A. HOOD, ADX, Warden; and
UNITED STATES PAROLE
COMMISSION,

     Respondents - Appellants.

No. 04-1186
(D.C. No. 03-WM-668)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **PORFILIO**, and **HARTZ**, Circuit Judges.

The sole issue for review in this habeas corpus action is whether the United States

Parole Commission is required to set a final release date for Petitioner within his parole

guideline range under the original version of § 235(b)(3) of the Sentencing Reform Act of

1984 (SRA). This section provides:

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

(emphasis added).

The district court assumed this section applied to Petitioner's case and held its plain language requires the Parole Commission to set a parole date that is "within the range that applies to the prisoner under the applicable parole guideline." The court also held that applying the 1987 amendment of § 235(b)(3), which would postpone Petitioner's release date, would violate the Ex Post Facto Clause. Upon that reasoning, the court concluded Petitioner was entitled to a release date "within the applicable parole guideline range, and, if now exceeded . . . to immediate release." (emphasis added).

The government has appealed. Assuming Petitioner and the district court are correct in applying the 1984 version of the statute to this case, we conclude the habeas petition was premature and relief was improvidently granted.

Petitioner was sentenced on January 26, 1987, to four consecutive 25 year terms, plus another consecutive five year term for a series of armed bank robberies committed in November 1985 through January 1986. He applied for parole in January 2000. After consideration and review, his application ultimately was postponed for reconsideration until March 2015. Mr. Sterling did not seek judicial review of the administrative

- 2 -

decision, but instead, on April 15, 2003, filed the instant petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2241, contending the Commission had violated federal law and the Constitution.

The Magistrate Judge to whom the case had been referred recommended denial of each of Petitioner's claims. The district judge disagreed, however, relying on *Lyons v. Mendez*, 303 F.3d 285, 291 (3d Cir. 2002) (1987 amendment constituted a violation of the Ex Post Facto Clause as applied to increase a prisoner's sentence when the particular upward departures used by the Commission after passage of the amendment would not have been permitted when the prisoner committed the crime); *Dallis v. Martin*, 929 F.2d 587, 589 n.4 (10th Cir. 1991) (pertinent sections of § 235(b)(3) became effective on Oct. 12, 1984); and *Lewis v. Martin*, 880 F.2d 288, 290 (10th Cir. 1989) (petitioner not entitled to a release date within the parole guideline range because he would not be in prison as of the five-year deadline set by § 235(b)(3)).

Unfortunately, the district court ruled before we decided *Bledsoe v. United States*, 384 F.3d 1232 (10th Cir. 2004), which dealt with issues similar to those of the instant case. Contrary to the conclusion reached here by the district court, *Bledsoe* reminded that in *Lewis* we already held § 235(b) of the SRA is merely "a winding -up provision" which facilitates the demise of the Parole Commission and provides for disposition of cases of prisoners under its supervision when its authority over them expires. *Bledsoe*, 384 F.3d at 1234, quoting *Lewis*, 880 F.2d at 290. More importantly, the *Bledsoe* court noted *Lewis*

unmistakably pointed out, "[t]he subsection [235(b)(3)] does not require the Commission to take immediate action on the release date of any prisoner. Rather by its own terms, the subsection [only] requires the Commission to set a release date . . . sufficiently before . . . [the Commission's expiration date] to allow him time to appeal the decision." 384 F.3d at 1234, quoting *Lewis*, 880 F.2d at 290 (emphasis added).

Assuming Petitioner's offense date makes him subject to § 235(b)(3) of the SRA, and not its amended version which took effect in 1987 - an issue we are not required to decide here - it must follow when the petition was filed in this case, Mr. Sterling was not entitled to the setting of a release date, and no habeas rights had vested. As a consequence, the action, at best, was premature. Indeed, with praiseworthy candor counsel for the Petitioner conceded as much in oral argument. Petitioner also admits time remains presently within which the Commission can carry out its duty under § 235(b)(3) in his case.

Having reached this point, then, it becomes unnecessary to consider whether the 1987 version of § 235(b)(3) gives rise to Ex Post Facto Clause concerns for persons, like Petitioner, who were sentenced before its effective date. Nor do we have to consider the Government's contention that the 1984 version did not become effective until November 1, 1987, because no matter whether Petitioner is right that it was effective in 1984, or the Government is correct that it did not become effective until November 1, 1987, Mr. Sterling cannot prevail in this case.

Although the Government informed us at oral argument Congress soon will be asked to once again extend the life of the Commission, our decision is not motivated by that prospect. We are governed only by the unmistakable mandate of *Lewis* that under the clear language of the statute, the Commission is not <u>presently</u> required to set a release date for Mr. Sterling. Therefore, we conclude his petition was premature and relief was improvidently granted. The judgment of the district court is **VACATED** and the case **REMANDED** for dismissal of the petition.

ENTERED FOR THE COURT


John C. Porfilio
Senior Circuit Judge