UNITED STATES of America, Plaintiff,

v.

Anthony LASKOTT, Defendant.

Nos. 88–195–Cr–T–17, 89–94–Cr–T–17 and 92–2028–Civ–T–17.

United States District Court, M.D. Florida, Tampa Division.

Nov. 21, 1994.

---

Anthony Laskott, pro se.

Jeffrey Downing, U.S. Attorney's Office Middle District of Florida, Tampa, FL, for U.S.

### ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 BY A PERSON IN FEDERAL CUSTODY

KOVACHEVICH, District Judge.

This cause is before the Court on the following pleadings: Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 336), and the Government's Response (Docket No. 341).

## I. BACKGROUND

Defendant took part in, and voluntarily pled guilty to, aiding and abetting the importation into the United States of one hundred kilograms of marijuana. The guilty plea was entered along with a plea agreement on June 4, 1990, and a sentencing hearing was held on November 2, 1990. Defendant was present at the sentencing hearing with counsel and acknowledged that he had read and discussed the pre-sentence report with his counsel. A number of objections to the pre-sentence report were raised by Defendant and considered by the Court.

Following the recommendation of the Government, the Court sentenced Defendant at the low end of the sentencing guideline range. At that time, the Court determined the applicable guidelines to set punishment at total offense level twenty-six, criminal history category I, and imposed a sentence of 63 to 78 months imprisonment, 4 years supervised release, and fines and costs.

The Government declined to make a 5K1.1, U.S.S.G. motion, binding the court to the guidelines, and this was fully briefed to the Defendant. Defendant was given credit for time already served, which was in excess of one year at the time of sentencing.

### A. Defendant's Allegations

Defendant makes four allegations in his Motion under 28 U.S.C. § 2255. First, Defendant contends that there was an unconstitutional failure to disclose evidence favorable to him, specifically, that he was never in possession of a firearm in the United States. Defendant alleges that this denied him a reduction of points within the sentencing guidelines.

Secondly, Defendant contends that the conviction was obtained in unconstitutional violation of double jeopardy, as he had been punished for a drug offense in Belize previous to his US conviction. Third, he contends that he was denied effective assistance of counsel, stating that his attorney did not press an objection to his first contention about the possession of a firearm. This allegedly denied another points reduction. Finally, Defendant contends that his acceptance of responsibility met the requirement set forth in § 3E1.1(b) of the sentencing guidelines, thus requiring another 1 point reduction. Defendant notes, however, that the fourth contention was not previously presented, as it was "new law."

### B. Government's Allegations

The Government alleges that Defendant's first contentions are frivolous, as the information in question was disclosed both in the Presentence Investigation Report and during the sentencing hearing. Based on that allegation, the Government refutes the notion that Defendant was denied effective assistance of counsel, his third contention. The Government further states that there was no violation of double jeopardy as Defendant was not subject to successive prosecutions for the same criminal offense.

Finally, the Government alleges that Defendant is not entitled to a sentence reduction based on acceptance of responsibility because the amendment to that guideline occurred after his sentencing. Since, as the Government points out, none of the Defen-

dant's issues were raised on direct appeal, precedent requires Defendant to show cause excusing his failure, and actual prejudice as a result of the errors, to obtain collateral relief. The Government alleges that Defendant has not established cause and prejudice. Therefore, the Government requests the Court to deny Defendant's Motion under 28 U.S.C. 2255 in its entirety.

## II.  ANALYSIS

### A.  Failure to Disclose Favorable Evidence

The Court has reviewed the transcript of the sentencing hearing at length. There was considerable discussion of the Defendant's possession of a firearm in connection with his drug trafficking offense. It was made clear to the Court at that time that the weapon referred to was in the possession of the Defendant in the country of Belize at the time the offenses were committed. This was also noted in the Presentence Investigation Report. Defendant's contention that this material was not presented is simply incorrect.

### B.  Double Jeopardy

■ For double jeopardy to occur, Defendant must be charged successively with the same offense. *United States v. Dixon*, ⸺ U.S. ⸺, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Here, there is no such occurrence. Defendant was charged and convicted of only the drug trafficking offenses. That Defendant's possession of a firearm was considered as part of deciding his sentence simply does not constitute double jeopardy under the law. Even had Defendant been convicted of drug trafficking and/or firearms possession in connection with that in Belize, a subsequent prosecution in America would still not constitute double jeopardy as the countries are separate and independent sovereigns. *United States v. Baptista–Rodriguez*, 17 F.3d 1354 (11th Cir.1994).

### C.  Denial of Effective Assistance of Counsel

Defendant's contention of denial of effective assistance of counsel is based on his notion that his counsel "did nothing practically to press my objection home" with respect to the firearm possession discussed above. (Defendant's Motion at 5.)  A thorough review of the transcript of the sentencing hearing demonstrates this is not so.

On the contrary, Defense Counsel at the time objected to consideration of the firearm's possession in connection with sentencing. Discussion of this issue covers four pages of the transcript. The Court overruled the objection. There was nothing more that Defense Counsel could have done to press the objection any further.

### D.  Change in Sentencing Guidelines

As the Government points out, changes in the Sentencing Guidelines made after sentencing do not apply retroactively to a sentence already assessed, both in this Circuit and others. *United States v. Burgess*, 858 F.2d 1512 (11th Cir.1988). As written, therefore, Defendant's argument that his sentence should be reduced on those grounds is without merit.

■ However, the review of Defendant's case and sentence prompted by his Motion under 28 U.S.C. § 2255 has revealed a previously undetected error in the calculation of Defendant's sentence under the Guidelines. The amendment to the Sentencing Guidelines § 3E1.1 to which the Defendant refers had an effective date of November 1, 1990, literally the day before Defendant's sentencing hearing. It states, in pertinent part, "Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section." As stated at the sentencing hearing, it was the intention of this Court to apply the low end of the range provided in the sentencing guidelines. It is apparent, however, that neither the Government, the Defendant, nor the Court was aware of this amendment, made effective only the previous day. So although the Defendant had pled guilty before the amendments were in place, the sentencing itself actually occurred afterwards.

In two cases, the Eleventh Circuit addressed just this situation. In *United States v. Marin,* 916 F.2d 1536 (11th Cir.1990), it noted, "Federal law states that when calculating a sentence the court 'shall consider the kinds of sentence and sentencing range established for the offense committed that are in effect on the date the defendant is sentenced." [emphasis added] See also, *United States v. Scroggins,* 880 F.2d 1204, 1215 (11th Cir.1989).

The November 1 amendment to the guidelines would have allowed the Court to reduce the total offense level from twenty-six to twenty-four. In accordance with the Sentencing Table in the guidelines, that would have reduced the range of incarceration time from 63–78 months to 51–63 months. Defendant was sentenced to the 63 months that was at the bottom of the range that was incorrectly applied.

■ In its Response Brief, the Government correctly points out that the Motion could be denied because Defendant neither shows cause excusing his failure to raise the issue previously, nor demonstrated actual prejudice resulting from the error. This Court would normally be inclined to deny on those grounds. However, in this case the error that was made should have been noticed by persons far more sophisticated in the law than the Defendant. It was not, and the Court is not inclined to hold Defendant to a standard not met by those who should have caught the error. Further, this Court can, through its own inherent powers, act to correct errors in sentencing, and chooses to do so in this case.

## III. CONCLUSION

The Court has determined that each of the grounds offered by the Defendant in his Motion under 28 U.S.C. § 2255 are without merit. It is not a fact that evidence favorable to Defendant was not properly disclosed. Defendant was not subjected to double jeopardy, nor suffered from ineffective assistance of counsel. Neither is Defendant entitled to retroactive application of any sentencing guidelines passed after his sentencing.

However, the Court will choose to act to correct a plain error in the calculation of the sentence that became apparent through a review of the records. Acting **sua sponte,** the Court acts to correct its own error and **grants** the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

The Court determines that the applicable guidelines are total offense level twenty-four, criminal history category Roman Numeral I, 51–63 months imprisonment, four years supervised release, and the fines and costs previously assessed.

ORDERED that the Defendant Anthony Laskott's sentence be reduced to a term of 51 months, rather than the 63 months previously assessed. The Clerk of Court is directed to enter an amended Judgment and Commitment, and close this case.

DONE AND ORDERED.