## UNITED STATES of America,

v.

## Vincent "Jimmy" SICURELLA, Defendant.

No. 91–CR–291C.

United States District Court, W.D. New York.

Feb. 21, 1998.

As Corrected March 5, 1998.

Denise E. O'Donnell, U.S. Attorney (Anthony M. Bruce, Assistant U.S. Attorney, of counsel), Buffalo, NY, for U.S.

Thomas J. Eoannou, Buffalo, NY, for Defendant.

## DECISION and ORDER

CURTIN, District Judge.

### *BACKGROUND*

On June 29, 1993, a jury found petitioner Vincent "Jimmy" Sicurella guilty of conspiracy (Count I), mail fraud (Count II) through use of fire (Count III), and willful destruction of government property (Count IV) through use of fire (Count V). Petitioner had been charged, along with co-defendant Michael LaPorta, with procuring and burning cars in a conspiracy to collect insurance proceeds fraudulently. At trial, the government presented evidence that the defendants conspired to burn a car belonging to Jimmy Sicurella. The FBI learned of the insurance fraud scheme and mounted a "sting" operation using a government informant, whereby a second car was also burned. The second car belonged to the United States government, but the defendants were told that it was owned by the informant's brother-in-law. On September 17, 1993, this court dismissed Count V and affirmed petitioner's conviction on the other four counts (Item 75). *United States v. Sicurella,* 834 F.Supp. 621 (W.D.N.Y.1993).

On November 19, 1993, this court sentenced petitioner to a term of six months' imprisonment for each of Counts I, II, and IV, and to a term of sixty months' imprisonment for Count III (Item 98). The court instructed that the six-month sentences for Counts I, II, and IV were to be served concurrent to each other and concurrent to a sentence of twenty-one months imposed by Judge Elfvin for an unrelated perjury conviction on June 11, 1993 (*Id.,* pp. 21–22). The court further instructed that the sixty-month sentence imposed for Count III was to be served consecutive to the June 11, 1993, perjury sentence and consecutive to the sentences for Counts I, II, and IV (*Id.,* pp. 18–23). The court noted that this resulted in a total sentence of eighty-one months' imprisonment (*Id.*). At this sentencing proceeding, the court expressed its dissatisfaction with the mandatory minimum sentence for Count III and the court's lack of discretion to take into account the personal and family circum-

stances of the particular defendant in calculating the appropriate sentence.

The government appealed this court's dismissal of Count V, and Sicurella and LaPorta cross-appealed from various aspects of their trial and conviction. On December 30, 1994, the Second Circuit affirmed both the judgment of conviction and the order dismissing Count V of the second superseding indictment. *U.S. v. LaPorta*, 46 F.3d 152 (2d Cir.1994). Other than noting in the background section of its decision that this court sentenced Sicurella to sixty-six months' imprisonment, *id.*, at 155,[1] the Second Circuit neither mentioned nor reviewed the computation of petitioner's sentence. Neither defendant challenged the computation of their sentence in their appeal.

On March 14, 1997, petitioner filed the pending application for an order vacating and setting aside the sentence imposed by this court due to a subsequent change of law or, in the alternative, modifying petitioner's sentence to a total aggregate term of sixty-six months, to run concurrently with the twenty-one-month perjury sentence (Item 100). The government has filed its objections to petitioner's motion to vacate (Items 103, 107, and 113), and petitioner has filed several responses to these objections (Item 104, 109, and 111). The parties appeared on August 11, 1997, and November 7, 1997, for argument on this petition.

## DISCUSSION[2]

### I. *Petitioner's Motion to Vacate Sentence For Lack of Federal Jurisdiction*

Petitioner contends that the court should vacate his conviction, which he terms "common law arson" (Item 100, ¶ 19), as a result of a subsequent change in the law with regard to federal court jurisdiction in cases that rely on the Commerce Clause (U.S. Constitution, Article I, § 8, cl. 3). Specifically, petitioner argues that 18 U.S.C. §§ 841–848 expressly rely on the Commerce Clause as the source of Congress's authority to pass the legislation (Item 100, ¶ 8). Petitioner notes that Congress declared that the purpose of this law is to protect interstate and foreign commerce against interference and interruption (*Id.*, ¶ 9). Petitioner explains that in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), the Supreme Court ruled that the enactment of a federal statute that prohibited the possession of a firearm in a school zone exceeded Congress's authority under the Commerce Clause because the statute sought to regulate purely local activity. He asserts that following *Lopez*, some of the circuit courts have held that in prosecutions brought under 18 U.S.C. § 844(i), which authorizes federal imprisonment for any person who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce," the government must satisfy the jurisdictional requirement of that statute by pointing to a substantial effect on, or connection to, interstate commerce. *See United States v. Pappadopoulos*, 64 F.3d 522 (9th Cir.1995); *United States v. Denalli*, 73 F.3d 328 (11th Cir.1996). Petitioner also notes that in *Russell v. United States*, 471 U.S. 858, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985), the Supreme Court held that the jurisdictional requirements of section 844(i) under the Commerce Clause are co-extensive with the outer limits of congressional power (Item 100, ¶ 18).

Petitioner was found guilty of having his own 1978 Cadillac set on fire and receiving $1,844.78 from his insurer (*Id.*, ¶ 14). He asserts that he used his vehicle solely for

---

**1.** Apparently, the Second Circuit was merely looking at the aggregate sentence petitioner received for the offenses in this case (66 months), rather than the total time petitioner would spend in prison for both these offenses and the perjury offense (81 months).

**2.** Before the November argument, petitioner suggested that he wished to amend his petition to include arguments that he is entitled to relief under 28 U.S.C. § 2241(c)(3) (*See* Item 111). Nevertheless, at the November argument, petitioner agreed that an application under section 2241 had to be brought in the Middle District of Pennsylvania, and therefore the parties did not address any section 2241 issues. Consequently, this order does not address any section 2241 issues.

private, non-commercial transportation in and about the City of Buffalo (*Id.*, ¶ 16). He contends that due to work-related injuries which he suffered in 1986, he had not engaged in any work for three years prior to the time that he had his car burned (*Id.*). Petitioner concedes that he was charged and convicted under 18 U.S.C. § 844(h)(1) with using fire to commit any felony which may be prosecuted in a court of the United States, and that this offense does not specifically require a jurisdictional predicate relating to the Commerce Clause. Furthermore, he concedes that to date, the courts within this circuit have upheld the legality of cumulative sentences for convictions under both sections 844(i) and 844(h)(1) (*Id.*, ¶ 17). Nevertheless, petitioner argues that this court should vacate his conviction under section 844(h)(1) because (1) Congress did not intend to "occupy the field" to the exclusion of state law on this subject matter; (2) section 844(i) is coextensive with the outer limits of congressional power under the Commerce Clause; (3) the purpose of 18 U.S.C. §§ 841–848 is the protection of interstate and foreign commerce; (4) the purpose of the Anti–Arson Act of 1982 was to eliminate problems in the prosecution of significant federal arson cases; and (5) the *Lopez* decision has redrawn the ambit to which Congress' Commerce Clause powers applies (*Id.*, ¶ 19). Petitioner refers to two cases in which federal courts have found that arson of non-commercial private vehicles fail to satisfy the jurisdiction prerequisite for prosecution under § 844(i). *United States v. Montgomery*, 815 F.Supp. 7 (D.D.C. 1993); *United States v. Monholland*, 607 F.2d 1311 (10th Cir.1979).

The government urges the court to deny the petition, arguing that petitioner's substantive crime fell within the mail fraud statute, 18 U.S.C. §§ 1341–1342, and that the jurisdictional basis of this statute is Congress's Postal Power (U.S.Constitution, Art. I, § 8, cl.7) (Item 103, p. 2). The government relies on the Ninth Circuit's decision in *Pappadopoulos*, 64 F.3d at 528, in which the court upheld the defendant's conviction under section 844(h)(1) after it reversed the defendant's conviction under section 844(i) for failure to satisfy the federal jurisdictional requirements. The Ninth Circuit explained

that § 844(h)(1) does not contain a requirement that any property have any connection to interstate commerce. *Id.*, citing *United States v. Karlic*, 997 F.2d 564, 571 (9th Cir. 1993) ("Section 884(i) requires proof of damaging or attempting to damage 'property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce,' an element not required by § 844(h)."). The *Pappadopoulos* court asserted that section 844(h) does not exceed Congress's commerce authority because it requires merely that the underlying felony itself be one that can be prosecuted "in a court of the United States." *Pappadopoulos*, 64 F.3d at 528. As in the case at bar, one of the crimes underlying Ms. Pappadopoulos's conviction under section 844(h)(1) was mail fraud, in violation of 18 U.S.C. § 1341. Because Ms. Pappadopoulos did not argue that the federal court lacked jurisdiction over the underlying felonies, the court upheld the conviction under section 844(h)(1).

The government contends that mail fraud can be and has long been prosecuted in the courts of the United States (Item 103, p. 3). The government instructs that in *United States v. Elliott*, 89 F.3d 1360, 1363–64 (8th Cir.1996), the Eighth Circuit rejected the defendant's argument that after *Lopez* the mail fraud statute required some sort of interstate connection and held that the jurisdictional basis of the mail fraud statute is Congress's Postal Power and therefore necessarily encompasses all items passing through the United States mails, even if their passage is purely intrastate. The government argues that because the jurisdictional basis of the predicate offense upon which petitioner's section 844(h)(1) conviction was based is Congress's Postal Power, petitioner's *Lopez* argument is meritless.

█ Although it appears that the Second Circuit has not addressed this issue as squarely as the Ninth Circuit, the court believes that the *Pappadopoulos* court correctly resolved this question. The plain language of 18 U.S.C. § 844(h)(1) indicates that a person can be prosecuted under this statute for using fire to commit any felony that can otherwise be prosecuted in a federal court. Section 844(h)(1) does not expressly

require a jurisdictional predicate relating to interstate commerce as does section 844(i). Petitioner's arguments regarding section 844(i) and the cases which have interpreted that provision following *Lopez* are not relevant to the circumstances of this case, since petitioner was neither charged with nor convicted of violating section 844(i). This court had jurisdiction over this entire prosecution because federal courts have jurisdiction over cases brought under the mail fraud statute, 28 U.S.C. §§ 1341 and 1342. As with the defendant in *Pappadopoulos,* petitioner has not challenged the federal jurisdiction of the mail fraud statute. Even if petitioner had attempted to challenge this court's jurisdiction over prosecutions brought under 18 U.S.C §§ 1341 and 1342, the court finds the Eighth Circuit's holding in *Elliott,* that the Supreme Court's decision in *Lopez* did not require an interstate connection for mail fraud cases, to be persuasive.

## II. *Petitioner's Motion to Modify Sentence*

Petitioner argues that if the court declines to vacate his sentence on the jurisdiction ground, the court should modify his sentence to a total of sixty-six months' imprisonment. More specifically, petitioner contends that the court wrongly sentenced him to eighty-one months in federal prison because the court misapprehended its authority to sentence petitioner to a more partially concurrent sentence under 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(c). Petitioner asserts that the present calculation results in an anomalous sentence which violates the calculation requirements of 18 U.S.C. §§ 3584 and 3585 (Item 100, ¶ 7).

As explained above, on November 19, 1993, this court sentenced petitioner to a total term of eighty-one months' imprisonment. This sentence included six months' imprisonment for each of Counts I, II, and IV, which were to run concurrently to the twenty-one-month sentence imposed by Judge Elfvin for an unrelated perjury violation on June 11, 1993, and sixty months' imprisonment for Count III, which was to run consecutively to both the perjury sentence and the sentences for Counts I, II, and IV (Item 98, pp. 18–23).

The court relied on the probation officer's and the attorneys' representations that the court had no choice but to run the sixty-month sentence for Count III consecutively to the perjury sentence and the sentences for Counts I, II, and IV.

Petitioner contends that at the sentencing, the probation officer and the attorneys incorrectly advised the court about the court's inability to run the perjury sentence concurrently with the section 844(h) sentence. He argues that the court could have run the perjury sentence concurrently with the section 844(h) sentence; consequently, he should only have to serve an aggregate sentence of sixty-six months, not eighty-one months, as stated by counsel and agreed to by the government and the court (*Id.,* ¶ 26). He cites *United States v. Laskott,* 900 F.Supp. 411 (M.D.Fla.1994), for the proposition that a court may subsequently correct errors in sentencing.

Title 18 U.S.C. § 844(h), provides in relevant part that "the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried." Petitioner argues that this language is ambiguous with respect to whether the phrase "any other term of imprisonment" is limited to other sentences imposed at the same time (Item 100, ¶ 36; Item 104, pp. 2–4; Item 109). He notes that this language omits any reference to the "use of fire," the offense for which he was convicted. He emphasizes that he never used or carried an explosive. Petitioner submits that the omission of the "use of fire" language in the final sentence of section 844(h) renders that portion of the statute ambiguous. Petitioner urges the court to apply the rule of lenity when interpreting this provision, as described by the Supreme Court in *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 30 L.Ed.2d 488 (1980) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.") (citations omitted) (Item 104, p. 2). He suggests that the court construe the mandatory consecutive sentence language narrowly limiting its application to require that the section 844(h) sentence run consecu-

tively to only those sentences imposed at the same time.

Petitioner argues that 18 U.S.C. § 3584(a) expressly permits a court to run multiple terms of imprisonment that are imposed at different times concurrently (Item 100, ¶ 35; Item 104, pp. 3–4). Section 3584(a) provides in relevant part, "[i]f multiple terms of imprisonment are imposed ... at the same time ..., the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The court ordered the six-month sentences on Counts I, II, and IV to run concurrently with the sentence imposed by Judge Elfvin and concurrently with each other. Because 18 U.S.C. § 3584(c) provides that multiple sentences ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregate term of imprisonment, and because 18 U.S.C. § 3585(b) provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, petitioner contends that his total sentence must be sixty-six months (Item 104, pp. 3–4).

The government argues that the eighty-one-month combined sentence was correct because the plain meaning of section 844(h) requires petitioner's sentence to be consecutive to his perjury sentence (Item 103, p. 4). In support of its plain meaning argument, the government relies on the Supreme Court's decision in *United States v. Gonzales,* 520 U.S. 1, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997), in which the Court examined whether the plain language of 18 U.S.C. § 924(c) distinguished between federal and state terms of imprisonment for purposes of imposing federal sentences.[3] Section 924(c) authorizes a separate penalty against a person who uses a firearm to commit a felony. The relevant portion of section 924(c) states that "the term of imprisonment imposed under this subsection [shall not] run concurrently with any term of imprisonment imposed for the commission of [the underlying] felony." The de-

fendants in *Gonzales* were convicted and sentenced in New Mexico courts for charges arising from a hold-up during a drug sting operation. *Gonzales,* 117 S.Ct. at 1034. The defendants were subsequently convicted and sentenced in federal court for various drug offenses and for violating section 924(c) in connection with the same sting operation. The district court ordered that the portion of the defendants' federal sentences attributable to the drug convictions run concurrently with their state sentences and that the section 924(c) portion of their sentence run consecutively to both their state and federal sentences. The Tenth Circuit vacated the defendants' sentences for the firearms violations on the ground that "any term of imprisonment" as used in section 924(c) referred to federal terms of imprisonment only, and held that defendants' section 924(c) sentences should have run concurrently with their state prison terms. *United States v. Gonzales,* 65 F.3d 814 (10th Cir.1995). The Supreme Court reversed, holding that because Congress did not add language to the statute which limited the breadth of the word "any," the word must be accorded its expanded meaning. *Gonzales,* 117 S.Ct. at 1035.

The government argues that this court should likewise accord section 844(h) its plain meaning. The government contends that the language of section 844(h) is strikingly similar to the language of section 924(c) interpreted by the Supreme Court in *Gonzales.* The government asserts that nothing in the wording of this subsection suggests that another sentence imposed on petitioner in another case would somehow be exempted from section 844(h) (Item 103, p. 6). The government notes that the language of section 844(h) more broadly requires that its mandatory sentence must be consecutive to "any term of imprisonment" than the language of section 924(c) (*Id.,* p. 7).

The government contends that the court need not engage in a thorough review of the legislative history for section 844(h) in order to reach a decision on this petition. The government instructs that the *Gonzales* court held that the straightforward statutory com-

---

**3.** The Second Circuit recently applied *Gonzales* to deny a petitioner's motion to modify his sen-

tence for a § 924(c) conviction in *Hooper v. United States,* 112 F.3d 83 (2d Cir.1997).

mand of section 924(c) precluded it from resorting to the legislative history. *Gonzales,* 117 S.Ct. at 1035. The Court explained that "far from clarifying the statute, the legislative history only muddies the waters." *Id.* The government argues that because the language of section 844(h) is similarly, if not even more, straightforward, the court should follow *Gonzales* and decline to look to the legislative history to determine how to construe the phrase "any term of imprisonment."

In response to petitioner's § 3584(a) argument, the government contends that even if the court had the authority in the first instance to impose a sentence that ran the five year sentence for the section 844(h) conviction concurrently with the sentences imposed on the mail fraud and conspiracy convictions and Judge Elfvin's perjury sentence, the sentence imposed by this court was ordered to run consecutively. Thus, the government argues, the sentence is consecutive not by operation of section 3584(a) (which would have been sufficient), but because the court went beyond section 3584(a) and ordered it to be consecutive (Item 107).

The court agrees that section 844(h) is ambiguous with respect to the scope of the mandatory consecutive sentencing provision. There is no question that the debated language ("the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried") makes no reference to felonies in which fire was used. The statute expressly deals with both the use of fire and the use of explosives in the furtherance of other felonies, yet the the mandatory consecutive sentencing provision only refers to the use of explosives. The statute itself does not provide any guidance as to whether the mandatory consecutive sentencing provision applies only to those felonies involving the use of explosives, or also applies to those felonies involving the use of fire. This silence renders the statute ambiguous on its face.

In 1982, Congress enacted the Anti–Arson Act of 1982, which amended section 844(h) (which had provided for federal jurisdiction over the criminal use of explosives) to include the threat to cause damage or the actual damage or destruction of certain types of property started by fire. H.REP.No. 97–678, at 4 (1982), *reprinted in* 1982 U.S.C.C.A.N. 2631, 2634. Subsection 2(b) of the Anti–Arson Act of 1982 amended 18 U.S.C. § 844(h)(1) "to provide that whoever uses fire, as well as an explosive to commit any felony which can be prosecuted in a court of the United States commits an additional offense and shall be subject to a sentence in addition to the sentence for the predicate offense." *Id.,* at 2633. The 1982 legislative history does not mention the scope of the mandatory consecutive sentencing provision, nor does it explain why the mandatory consecutive sentencing language fails to mention the use of fire. The legislative history does not indicate whether that provision was meant to apply to the newly added arson crimes at all. The statute has been amended numerous times since 1982; however, the mandatory consecutive sentencing language has never been amended to clarify this ambiguity.

■ The policy of lenity encourages courts to avoid interpreting a criminal statute so as to increase the penalty on an individual when such an interpretation can be based on no more than a guess as to what Congress intended. *Ladner v. United States,* 358 U.S. 169, 177–78, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Because section 844(h) as currently drafted is ambiguous as to the scope of the mandatory consecutive sentencing provision, the court declines to interpret the provision as broadly as the government suggests. It is quite possible that Congress inadvertently failed to include the phrase "or fire" in the mandatory consecutive sentencing provision. If that is the case, Congress should amend the statute once again to clarify its intent.

The government's plain meaning argument based on the Supreme Court's interpretation of section 924(c) in *Gonzales* is not persuasive. Although the general mandatory consecutive sentencing language of section 924(c) is similar to the language of section 844(h), section 924(c) does not deal with two

separate, yet similar types of crime (arson and use of an explosive). The ambiguity with section 844(h) is not over whether sentences imposed at other times fall under the mandatory consecutive sentencing provision, but rather whether the mandatory consecutive sentencing provision applies at all to those cases where the defendant used fire to commit a separate felony. Consequently, the analysis in *Gonzales* regarding the breadth of the word "any" is inapposite to the present case.

Having found that section 844(h) is ambiguous, the court hereby construes the statute narrowly and finds that the statute does not require the court to run the section 844(h) sentence consecutively to other sentences. As explained above, 18 U.S.C. § 3584(a) allows the court to run multiple terms of imprisonment imposed at the same time concurrently, unless the court orders or the statute mandates that the terms are to run consecutively, and multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. The court rejects the government's argument that even if the court had the authority in the first instance to run all of the sentences concurrently, the eighty-one-month sentence should remain intact because the court ordered the section 844(h) sentence and the perjury sentence to run consecutively. The court reluctantly sentenced petitioner to the eighty-one months relying on the probation officer's and the attorneys' advice on the scope of the court's power and discretion. Had the court known at the time that it could run the sentences for the separate offenses concurrently, it most certainly would have.

 Petitioner has not argued that the court could have run the six-month sentences for Counts I, II, and IV concurrently with the section 844(h) sentence. Nevertheless, by finding that the mandatory consecutive sentencing provision does not apply to arson offenses, it appears as if the court may reconsider its decision to run the section 844(h) sentence consecutively with the other three sentences. Once again, at the sentencing hearing, the court relied on the representations of the probation officer and the attor-

neys that the section 844(h) sentence had to run consecutively to the substantive counts (Item 98, pp. 15–16, 18, 22–23). Had the court known that it could choose to run the sentences concurrently, it would have taken that course.

### *CONCLUSION*

For the foregoing reasons, this court denies petitioner's motion to vacate his sentence, yet grants petitioner's alternative motion to modify his sentence. Petitioner's sentence is now a concurrent term of sixty months, to run *nunc pro tunc* to June 29, 1993.

So ordered.